UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

Hemlock Semiconductor Corporation,

    Plaintiff,

-against-

Deutsche Solar GmbH, f/k/a Deutsche Solar AG,

    Defendant.

---

CASE NO.

HON.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Hemlock Semiconductor Corporation, for its Complaint against Defendant Deutsche Solar GmbH, alleges as follows:

## PARTIES

1. Plaintiff Hemlock Semiconductor Corporation ("Hemlock") is a Michigan corporation with its principal place of business at 12334 Geddes Road, Hemlock, Michigan 49626.

2. Defendant Deutsche Solar GmbH, f/k/a Deutsche Solar AG ("Deutsche Solar") is a German limited liability company with its principal place of business at Berthelsdorfer Str 111A, 09599 Freiberg/Saxony, Germany.

3. The Plaintiff and Defendant are parties to long term supply agreements for polycrystalline silicon (the "Supply Agreements") out of which the claims in this Complaint arise.

1

## JURISDICTION AND VENUE

4.  Jurisdiction is proper in this Court under 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.

5.  This Court has personal jurisdiction over Deutsche Solar because Deutsche Solar has consented to exclusive jurisdiction in Michigan in the Supply Agreements. In addition, and independent of that consent, Deutsche Solar has done and is doing business in the state of Michigan.

6.  Venue is proper under 28 U.S.C. § 1391(a)(1) and (2). Hemlock resides in the Eastern District of Michigan, and a substantial portion of the events giving rise to Hemlock's claims took place here. Further, pursuant to the Supply Agreements between the parties, Deutsche Solar has consented to exclusive jurisdiction and venue in Michigan.

## FACTS

7.  Hemlock is a leading manufacturer of polycrystalline silicon that is used, inter alia, in the manufacturing of photovoltaic solar cells and modules.

8.  According to its website, Deutsche Solar is a German company with over 800 employees that, by its own account, is one of the world's largest producers of multicrystalline silicon wafers, which are the building blocks of photovoltaic solar cells and modules.

**The Long Term Supply Agreements Require Deutsche Solar to Take or Pay for Product**

9.  In or about August 2005, the parties entered into a Long Term Supply Agreement, pursuant to which Deutsche Solar agreed to purchase, and Hemlock agreed to supply, polycrystalline silicon (the "Product"). The parties subsequently entered into three additional, similar Long Term Supply Agreements. Under each of the agreements, Deutsche Solar agreed to purchase certain quantities of Product over a period of years, pursuant to an annual schedule, at specific prices.

2

10. The first Long Term Supply Agreement ("Supply Agreement I") is effective from August 30, 2005 to December 31, 2015. The second Long Term Supply Agreement ("Supply Agreement II") is effective from June 10, 2006 to December 31, 2018. The third Long Term Supply Agreement ("Supply Agreement III") is effective from June 27, 2007 to December 31, 2019. The fourth Long Term Supply Agreement ("Supply Agreement IV") was effective from January 1, 2010 to December 31, 2012. True and correct copies of Supply Agreements I, II, III and IV are attached hereto as Exhibits 1, 2, 3 and 4, respectively.[1]

11. Deutsche Solar agreed in each of the Supply Agreements that it would "take or pay" for the Product, such that Deutsche Solar is required to pay the full purchase price for the Product scheduled to be purchased each year, regardless of whether Deutsche Solar actually takes delivery of the Product. See Supply Agreement I, ¶ 5; Supply Agreement II, ¶ 5; Supply Agreement III, ¶ 5; Supply Agreement IV, ¶ 7.

12. Deutsche Solar's scheduled purchases over the respective terms of the four Supply Agreements totaled 24,390,000 kilograms of Product (8.4 million, 4.8 million, 9.99 million, and 1.2 million kilograms, respectively).

13. When the parties entered the Supply Agreements, Deutsche Solar understood that Hemlock was making capital investments to expand its manufacturing capability to meet Deutsche Solar's scheduled requirements set forth in the Supply Agreements.

14. Hemlock has fully performed and complied with all of its obligations under the Supply Agreements, and stands ready, willing, and able to continue performing fully its obligations under the Supply Agreements.

---

[1] In consideration of the confidentiality provisions set forth in each of the Supply Agreements, Hemlock will file all exhibits under seal once it receives the appropriate order from the Court under Eastern District of Michigan Local Rule 5.3(b).

3

**Deutsche Solar Repudiates the Supply Agreements**

15. From the outset of the parties' dealings under Supply Agreement I beginning in August 2005, through March 2012, Deutsche Solar and/or its affiliate, SolarWorld Industries America, LLC ("SolarWorld America"), maintained a regular pattern and practice of purchasing Product under the Supply Agreements as annually scheduled, taking delivery on a monthly basis.

16. In early March 2012, however, Deutsche Solar made statements to Hemlock, both in writing and orally, suggesting that Deutsche Solar would no longer honor its contractual obligations. In a letter dated March 6, 2012 from Deutsche Solar, and a second letter dated March 28, 2012 from Deutsche Solar's parent, SolarWorld AG (sent to Hemlock on behalf of Deutsche Solar), Deutsche Solar demanded material pricing and purchase quantity concessions from Hemlock. The threat was that, absent Hemlock acceding to Deutsche Solar's demands, Deutsche Solar would not meet its ongoing obligations. True and correct copies of Deutsche Solar's March 6, 2012 letter and SolarWorld AG's March 28, 2012 letter are annexed hereto as Exhibits 5 and 6, respectively.

17. In addition, contemporaneous with the letters, the CEO of SolarWorld AG, Frank Asbeck, on March 15, 2012 expressly threatened that if Hemlock were to enforce the Supply Agreements without the modifications demanded by Deutsche Solar, SolarWorld AG would put its wholly-owned subsidiary Deutsche Solar into bankruptcy in Germany, in an effort to evade Deutsche Solar's obligations under the Supply Agreements. Mr. Asbeck further threatened that SolarWorld AG would seek to re-purchase Deutsche Solar's assets out of bankruptcy for a de minimis amount and proceed with its solar panel business, thus freed of the Supply Agreements. Mr. Asbeck stated that Hemlock would then have little real recourse but to attempt to recover against a bankrupt and asset-less debtor, Deutsche Solar.

18.     Since March 31, 2012, Deutsche Solar has not purchased any Product from Hemlock; it has placed no purchase orders for Product with Hemlock; and it has given no indication to Hemlock that it intends to make any future purchases or, in the absence of purchases, make the required take-or-pay payments mandated by the Supply Agreements. Deutsche Solar has made clear that it has no intention of performing under the agreed terms of the Supply Agreements.

19.     Moreover, numerous news reports and other publicly available information indicate that SolarWorld AG, Deutsche Solar, and SolarWorld America are in serious financial hardship. This raises the specter that, all other factors aside, Deutsche Solar does not have the financial means to meet its obligations under the Supply Agreements.

20.     In light of the above, by written demand pursuant to MCLA § 440.2609, dated October 12, 2012, Hemlock demanded that Deutsche Solar provide it with adequate assurances. A true and correct copy of Hemlock's demand for adequate assurances is annexed hereto as Exhibit 7.

21.     In its October 12, 2012 demand, Hemlock sought assurance: (i) that Deutsche Solar will take or pay for all quantities of Product in accordance with, and for the full terms of, the Supply Agreements; (ii) that Deutsche Solar demonstrate that it has the financial ability to honor its obligations under the Supply Agreements; and (iii) that Deutsche Solar will take no action that would interfere with the full and timely payments to Hemlock under the Supply Agreements, such as filing for bankruptcy protection.

22.     Deutsche Solar responded by letter dated October 16, 2012. A true and correct copy of Deutsche Solar's October 16, 2012 response is attached hereto as Exhibit 8.

23. Deutsche Solar's October 16, 2012 response failed to provide reasonable and adequate assurance of due performance under the Supply Agreements.

24. By letter dated November 14, 2012, Hemlock notified Deutsche Solar that it had failed to provide the requisite assurances. A true and correct copy of Hemlock's November 14, 2012 response is attached hereto as Exhibit 9.

25. Deutsche Solar subsequently failed to purchase the specified volumes of Product set forth in the Supply Agreements by the end of the 2012 calendar year. Hemlock, in accordance with the Supply Agreements, sent notification and invoiced Deutsche Solar for its shortfall on March 4, 2013, in the amount of $83,971,500. The next day, on March 5, 2013, Deutsche Solar responded by letter, formally objected to that invoice, and claimed that the Supply Agreements are "null and void."

## COUNT I
## (REPUDIATION AND BREACH OF SUPPLY AGREEMENT I)

26. Hemlock realleges each of the allegations in paragraphs 1 – 25 above as though set forth fully herein.

27. Supply Agreement I is a valid, binding agreement between the parties.

28. Supply Agreement I required Deutsche Solar to purchase all Product set forth in Supply Agreement I, and to pay for such Product regardless of whether Deutsche Solar took delivery.

29. Deutsche Solar has not made any purchase of Product from Hemlock since March 2012.

30. In accordance with MCL§ 440.2609, Hemlock demanded adequate assurance of Deutsche Solar's due performance of Supply Agreement I.

31. Deutsche Solar failed to provide adequate assurance of due performance of Supply Agreement I.

32. Deutsche Solar's failure to provide adequate assurance of due performance after such assurance was requested constitutes a repudiation of Supply Agreement I by Deutsche Solar.

33. Deutsche Solar further repudiated Supply Agreement I by expressly declaring Supply Agreement I "null and void."

34. Having repudiated Supply Agreement I, Deutsche Solar has materially breached Supply Agreement I.

35. As result of Deutsche Solar's breach of Supply Agreement I, Hemlock will be deprived of the benefit of the payments which Deutsche Solar agreed to pay during the entire term of Supply Agreement I, such that Hemlock has suffered and will continue in the future to suffer damages.

## COUNT II
### (REPUDIATION AND BREACH OF SUPPLY AGREEMENT II)

36. Hemlock realleges each of the allegations in paragraphs 1 – 35 above as though set forth fully herein.

37. Supply Agreement II is a valid, binding agreement between the parties.

38. Supply Agreement II required Deutsche Solar to purchase all Product set forth in Supply Agreement II, and to pay for such Product regardless of whether Deutsche Solar took delivery.

39. Deutsche Solar has not made any purchase of Product from Hemlock since March 2012.

7

40. In accordance with MCL§ 440.2609, Hemlock demanded adequate assurance of Deutsche Solar's due performance of Supply Agreement II.

41. Deutsche Solar failed to provide adequate assurance of due performance of Supply Agreement II.

42. Deutsche Solar's failure to provide adequate assurance of due performance after such assurance was requested constitutes a repudiation of Supply Agreement II by Deutsche Solar.

43. Deutsche Solar further repudiated Supply Agreement II by expressly declaring Supply Agreement II "null and void."

44. Having repudiated Supply Agreement II, Deutsche Solar has materially breached Supply Agreement II.

45. As result of Deutsche Solar's breach of Supply Agreement II, Hemlock will be deprived of the benefit of the payments which Deutsche Solar agreed to pay during the entire term of Supply Agreement II, such that Hemlock has suffered and will continue in the future to suffer damages.

## COUNT III
### (REPUDIATION AND BREACH OF SUPPLY AGREEMENT III)

46. Hemlock realleges each of the allegations in paragraphs 1 – 45 above as though set forth fully herein.

47. Supply Agreement III is a valid, binding agreement between the parties.

48. Supply Agreement III required Deutsche Solar to purchase all Product set forth in Supply Agreement III, and to pay for such Product regardless of whether Deutsche Solar took delivery.

49. Deutsche Solar has not made any purchase of Product from Hemlock since March 2012.

50. In accordance with MCL§ 440.2609, Hemlock demanded adequate assurance of Deutsche Solar's due performance of Supply Agreement III.

51. Deutsche Solar failed to provide adequate assurance of due performance of Supply Agreement III.

52. Deutsche Solar's failure to provide adequate assurance of due performance after such assurance was requested constitutes a repudiation of Supply Agreement III by Deutsche Solar.

53. Deutsche Solar further repudiated Supply Agreement III by expressly declaring Supply Agreement III "null and void."

54. Having repudiated Supply Agreement III, Deutsche Solar has materially breached Supply Agreement III.

55. As result of Deutsche Solar's breach of Supply Agreement III, Hemlock will be deprived of the benefit of the payments which Deutsche Solar agreed to pay during the entire term of Supply Agreement III, such that Hemlock has suffered and will continue in the future to suffer damages.

## COUNT IV
### (REPUDIATION AND BREACH OF SUPPLY AGREEMENT IV)

56. Hemlock realleges each of the allegations in paragraphs 1 – 55 above as though set forth fully herein.

57. Supply Agreement IV is a valid, binding agreement between the parties.

58. Supply Agreement IV required Deutsche Solar to purchase all Product set forth in Supply Agreement IV, and to pay for such Product regardless of whether Deutsche Solar took delivery.

59. Deutsche Solar has not made any purchase of Product from Hemlock since March 2012.

60. In accordance with MCL§ 440.2609, Hemlock demanded adequate assurance of Deutsche Solar's due performance of Supply Agreement IV.

61. Deutsche Solar failed to provide adequate assurance of due performance of Supply Agreement IV.

62. Deutsche Solar's failure to provide adequate assurance of due performance after such assurance was requested constituted a repudiation of Supply Agreement IV by Deutsche Solar.

63. Deutsche Solar further repudiated Supply Agreement IV by expressly declaring Supply Agreement IV "null and void."

64. By repudiating Supply Agreement IV, Deutsche Solar has materially breached Supply Agreement IV.

65. As result of Deutsche Solar's breach of Supply Agreement IV, Hemlock will be deprived of the benefit of the payments which Deutsche Solar agreed to pay during the entire term of Supply Agreement IV, such that Hemlock has suffered and will continue in the future to suffer damages.

## COUNT V
### (ANTICIPATORY REPUDIATION AND BREACH OF SUPPLY AGREEMENTS I-IV)

66. Hemlock realleges each of the allegations in paragraphs 1 – 65 above as though set forth fully herein.

67. The Supply Agreements constitute valid, binding agreements between the parties.

68. Under the Supply Agreements, Deutsche Solar is required to purchase all Product set forth in the Supply Agreements, and to pay for such Product regardless of whether Deutsche Solar chooses to take delivery.

69. By its actions set forth above, Deutsche Solar clearly and unequivocally demonstrated that it does not intend, is unwilling, and/or is not able to perform its obligations to take or pay for all Product under the terms set forth in the Supply Agreements.

70. The loss of Deutsche Solar's performance substantially impairs the value of the Supply Agreements to Hemlock.

71. Deutsche Solar's actions set forth above constitute anticipatory repudiation of the Supply Agreements and a material breach of the Supply Agreements. By such repudiation and breach, Hemlock has suffered and will continue in the future to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hemlock demands:

1. Judgment in favor of Hemlock and against Deutsche Solar on all Counts;

2. Damages in an amount to be proved at trial, including pre-award and post-award interest;

3. All of Hemlock's reasonable attorneys' fees and costs, as provided for in Section 26 of Supply Agreements I, II and III and Section 33 in Supply Agreement IV, and under applicable law; and

4. Such other relief as the Court deems just and proper.

Dated: March 7, 2013

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

    s/Richard C. Sanders
    Richard C. Sanders (P25210)
    Mary K. Griffith (P72284)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    T: 313-496-7676
    F: 313-496-8453
    sanders@millercanfield.com
    griffith@millercanfield.com

    Of Counsel:

    ORRICK, HERRINGTON & SUTCLIFFE LLP

    J. Peter Coll, Jr.
    John Ansbro
    Daniel W. Robertson
    51 West 52nd Street
    New York, NY 10019
    T: 212-506-5000
    F: 212-506-5151
    jansbro@orrick.com
    drobertson@orrick.com

    *Attorneys for Plaintiff Hemlock Semiconductor Corporation*