UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION, | Civil No. 1:13-cv-11037 |
| Plaintiff, | HON. THOMAS L. LUDINGTON MAG. CHARLES E. BINDER |
| v. | |
| DEUTSCHE SOLAR GmbH f/k/a DEUTSCHE SOLAR AG, | **DEFENDANT'S OMNIBUS MOTION TO COMPEL DISCOVERY** |
| Defendant. | |

Under Fed. R. Civ. P. 37(a)(3)(B)(iii), Defendant Deutsche Solar GmbH ("Deutsche Solar") respectfully seeks an order compelling Plaintiff Hemlock Semiconductor Corporation ("Hemlock") to provide substantive answers to Deutsche Solar's Second Set of Interrogatories ("Second Interrogatories").

Under Fed. R. Civ. P. 37(a)(3)(B)(iv), Deutsche Solar also seeks an order compelling Hemlock to produce the documents requested in Request Nos. 1-2 in Deutsche Solar's Second Set of Requests for Production of Documents ("Second RFPs"). Deutsche Solar also seeks the production of Hemlock's quarterly and annual financial statements for the relevant time period. These documents would have been responsive to Request Nos. 3, 6, and 13 in Deutsche Solar's First Set of Requests for Production ("First RFPs"), but their absence from the production was

not noted until the recent deposition of a Hemlock witness and until Hemlock produced the report of its expert.

Under E.D. Mich. L. Civ. R. 7.1(a)(2)(A), counsel for the parties conferred, and Deutsche Solar's attorneys explained the nature of the Motion and its legal basis. Hemlock denied Deutsche Solar's request for concurrence in the relief sought.

Respectfully submitted,

BUTZEL LONG
*a professional corporation*

Dated: September 24, 2014          By: _____
                                         DANIEL P. MALONE (P29470)
                                         JOSEPH E. RICHOTTE (P70902)
                                   Stoneridge West
                                   41000 Woodward Avenue
                                   Bloomfield Hills, Michigan 48304
                                   (248) 258-1616
                                   malone@butzel.com
                                   richotte@butzel.com

                                   Larry K. Elliott
                                   David F. Russey
                                   COHEN & GRIGSBY, P.C.
                                   625 Liberty Avenue
                                   Pittsburgh, Pennsylvania 15222-3152
                                   (412) 297-4900
                                   lelliot@cohenlaw.com
                                   drussey@cohenlaw.com

                                   *Attorneys for Defendant Deutsche Solar GmbH*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION,

     Plaintiff,

v.

DEUTSCHE SOLAR GmbH
f/k/a DEUTSCHE SOLAR AG,

     Defendant.

Civil No. 1:13-cv-11037

HON. THOMAS L. LUDINGTON
MAG. CHARLES E. BINDER

**DEFENDANT'S OMNIBUS
<u>MOTION TO COMPEL DISCOVERY</u>**

<u>**DEFENDANT'S MEMORANDUM OF LAW**</u>

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................... i

INDEX OF AUTHORITIES ................................................................... ii

QUESTIONS PRESENTED .................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........................... iv

FACTUAL BACKGROUND ................................................................. 1

RELEVANT PROCEDURAL HISTORY .............................................. 2

ARGUMENT....................................................................................... 4

    I.    HEMLOCK'S OBJECTIONS TO DEUTSCHE
          SOLAR'S SECOND SET OF
          INTERROGATORIES AND REQUESTS FOR
          PRODUCTION LACK MERIT ........................................4

          A.    Hemlock's General Objections ................................5

          B.    Specific Objections Related to Discovery
                 Regarding Market Share ........................................6

          C.    Specific Objections Regarding Documents
                 Related to Deutsche Solar and the Contracts
                 at Issue Used in MOFCOM Proceedings.................11

    II.    HEMLOCK HAS REFUSED TO PRODUCE ITS
          QUARTERLY AND ANNUAL FINANCIAL
          STATEMENTS .............................................................15

PRAYER FOR RELIEF.....................................................................17

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Chang v. Pacificorp*,
  157 P.3d 243 (Or. Ct. App. 2007) ....................................................... 9

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  2008 WL 5958061 (E.D.N.Y. Sept. 26, 2008) .................................... 4

*In re Urethane Antitrust Litig.*,
  683 F. Supp. 2d 1214 (D.Kan. 2010) .................................................. 4

*Lowe v. Vadlamudi*,
  2012 WL 3731781 (E.D. Mich. Aug. 28, 2012) ................................. iv

*Mancia v. Mayflower Textile Servs. Co.*,
  253 F.R.D. 354 (D. Md. 2008) ...................................................... iv, 4

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ..................................................................... iv, 3

*Swackhammer v Sprint Corp. PCS*,
  225 F.R.D. 658 (D. Kan. 2004) .................................................... iv, 4

*Venture Global Eng'g, LLC v. Satyam Computer Servs, Ltd.*,
  233 Fed. Appx. 517 (6th Cir. 2007) .................................................. 4

**Rules**

E.D. Mich. L. Civ. R. 26.1 ..................................................................... 2

Fed. R. Civ. P. 26(b)(1) ................................................................... iv, 3

Fed. R. Civ. P. 26(c)(1)(G) ................................................................. iv

**Other**

ART. I, ¶ 1 Treaty on the Functioning of the European Union ................................ 6

EUROPEAN COMMISSION, GUIDELINES ON VERTICAL RESTRAINTS C130/1, ¶ 9 ........ 6

## QUESTIONS PRESENTED

QUESTION NO. 1:    Should the Court overrule Hemlock's objections and order it to provide proper responses to Deutsche Solar's Second Interrogatories?

QUESTION NO. 2:    Should the Court overrule Hemlock's objections and order it to produce documents responsive to Deutsche Solar's Second RFP Nos. 1-2?

QUESTION NO. 3:    Should the Court require Hemlock to produce its quarterly and annual financial statements for the period January 1, 2005 through December 31, 2013, which records are responsive to First RFP Nos. 3, 6, and 13?

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 26(c)(1)(G)

*Lowe v. Vadlamudi*, 2012 WL 3731781 (E.D. Mich. Aug. 28, 2012)

*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008)

*Swackhammer v Sprint Corp. PCS*, 225 F.R.D. 658 (D. Kan. 2004)

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)

Deutsche Solar respectfully submits that the Court should overrule the discovery objections lodged by Hemlock in response to Deutsche Solar's Second Interrogatories and Second RFPs, order Hemlock to produce its quarterly and annual financial statements, and order Hemlock to serve responses and to produce the requested documents within 20 days.

## FACTUAL BACKGROUND

This is a commercial contract dispute. Deutsche Solar and Hemlock were parties to supply agreements under which Deutsche Solar was to purchase certain quantities of solar grade polysilicon (the "Product"). Hemlock contends that Deutsche Solar has breached these supply agreements and now owes Hemlock in excess of $663.7 million. Relevant to this Motion, Deutsche Solar asserts two affirmative defenses to enforcement of the supply agreements: (1) the agreements are illegal under, and enforcement would make the Court a party to a violation of, European Union antitrust law; and (2) Deutsche Solar is excused from performance by the illegal dumping of solar panels by the Chinese government and Chinese producers, which caused a fundamental disruption in the market that was not foreseen or foreseeable by the parties at the time of their agreements. (Def.'s Affirmative Defenses, ¶¶ 6 and 16 [ECF No. 14].)

## RELEVANT PROCEDURAL HISTORY

On November 6, 2013, Deutsche Solar served its First RFPs upon Hemlock.
On December 6, 2013, Hemlock responded, agreeing to produce the substantial
majority of the requested documents, subject to its lodged objections.  (Ex. 1.)
Hemlock produced a total of 64,399 pages of documents.  Hemlock made its first
production on May 6, 2014 but did not complete its production until August 8,
2014.[1]

On July 21, 2014, prior to the close of fact discovery, Deutsche Solar served
its Second Interrogatories and its Second RFPs upon Hemlock.  (Exs. 2-3.)  This
second set of written discovery was limited to two issues:  (1) information related
to Hemlock's market share in the European Union and its member states and (2)
documents submitted to the Chinese Ministry of Commerce ("MOFCOM")
regarding Deutsche Solar and the supply agreements at issue in this action.  Both
issues relate to affirmative defenses raised by Deutsche Solar, and Hemlock has
admitted relevance by pursuing discovery from Deutsche Solar related to the
antitrust issue to which the market share information was relevant and to the trade
cases that are a significant driver of this dispute.

---

[1]    In fact, Hemlock produced a small number of documents that it mistakenly
had redacted on September 18, 2014.  In addition, on the date of the filing of this
Motion, Hemlock notified Deutsche Solar that it will be producing an additional
1,500 pages of documents, which Deutsche Solar has not yet received.

On August 25, 2014, Hemlock responded to Deutsche Solar's discovery with objections, refusing to provide substantive responses to any of the written discovery.[2]  (Exs. 4-5.)  The timing of Hemlock's "objection only" responses was surprising.  Earlier on the day that Hemlock served its discovery responses by email, Deutsche Solar and Hemlock had submitted a joint letter to the Court outlining an agreed-upon extension of the case, which noted that the parties had completed fact discovery with the exception of a single deposition.  (Ex. 6.)  If Deutsche Solar had known that Hemlock did not intend to provide substantive responses to the discovery requests, then Deutsche Solar would not have signed the letter.

During the deposition of James Stutelberg, Hemlock's former Vice President of Marketing and Sales, on August 27, 2014, it became apparent that Hemlock had not produced its quarterly and annual financial statements.  These documents, which, among other relevant information, reflect the amounts allegedly owed under the supply agreements—and in particular the prepayments made by Deutsche Solar to Hemlock—should have been produced in response to Deutsche Solar's First RFP.  More recently, Hemlock produced the report of its expert, John

---

[2]  Deutsche Solar's written discovery properly employed consecutive numbering as required under E.D. Mich. L. Civ. R. 26.1.  What Hemlock refers to as Second Interrogatory Nos. 1-2 are actually Interrogatory Nos. 17-18 and Request Nos. 24-25.  To minimize confusion as the Court reviews Hemlock's responses, this Motion will use Hemlock's numbering.

Finnerty, Ph.D., and Hemlock disclosed that it had provided certain of these quarterly and annual financial statements to Professor Finnerty.

## ARGUMENT

### I.   HEMLOCK'S OBJECTIONS TO DEUTSCHE SOLAR'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION LACK MERIT

The Federal Rules of Civil Procedure authorize broad and liberal discovery of any non-privileged matter that is relevant to the subject-matter of the pending case. FED. R. CIV. P. 26(b)(1). For discovery purposes, the term "relevant" has been construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). For the reasons that follow, Deutsche Solar's Second Interrogatories and Second RFPs seek relevant information within the meaning of Rule 26(b)(1) and *Oppenheimer*. The Court should overrule Hemlock's objections and order it to answer the Second Interrogatories and produce documents under the Second RFPs. Similarly, the financial statements sought by Deutsche Solar are relevant, and the Court should require Hemlock to produce them.

A.    **Hemlock's General Objections**

Hemlock's General Objections are a series of "to the extent that" objections

that courts deem to be theoretical and *per se* meritless:

> This Court has characterized these objections as
> worthless for anything beyond delay of the discovery.
> Such objections are considered mere hypothetical or
> contingent possibilities, where the objecting party makes
> no meaningful effort to show the application of any such
> theoretical objection to any request for discovery. Thus,
> this Court has deemed such ostensible objections waived
> or [has] declined to consider them as objections.

*Swackhammer v Sprint Corp. PCS,* 225 F.R.D. 658, 660-61 (D. Kan. 2004)*;*

*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008)

(Grimm, C.M.J.). The Court should deem each of Hemlock's General Objections

waived.

Should the Court decide to entertain Hemlock's objections, only General

Objection No. 8 has any arguable application. In that objection, Hemlock objects

to producing documents that seek information related to the application of

European Union antitrust laws, which it is argues are not properly litigated in

United States courts, citing *In re Air Cargo Shipping Servs. Antitrust Litig.*, 2008

WL 5958061, *30-34 (E.D.N.Y. Sept. 26, 2008), and *In re Urethane Antitrust

Litig.*, 683 F. Supp. 2d 1214, 1220-125 (D.Kan. 2010). Hemlock misinterprets

these decisions. Both decisions involved the dismissal of *claims*, not defenses, for

reasons of international comity. This action, however, is not a case of an EU

plaintiff coming to a U.S. court to enforce EU law. A U.S. plaintiff has haled an EU-based company into court in the U.S. Deutsche Solar, is obligated to defend itself here, and nothing in *Air Cargo* or *Urethane* supports the proposition that principles of comity strip it of a right to present a defense that the plaintiff is asking the Court to order relief that would violate foreign law. (Def.'s Affirmative Defenses at ¶ 6 [ECF No. 14, Page ID 235].) Indeed, the Sixth Circuit has held that it is proper for a defendant to assert a defense that the plaintiff seeks to enforce contractual rights that would require a foreign party to violate foreign law. *Venture Global Eng'g, LLC v. Satyam Computer Servs, Ltd.*, 233 Fed. Appx. 517, 523-24 (6th Cir. 2007). Thus, Hemlock's objection lacks merit.

## B. <u>Specific Objections Related to Discovery Regarding Market Share</u>

Second Interrogatory No. 1 asks Hemlock to state its share of the market in the European Union for solar grade prime polysilicon, as measured by volume and sales, for each year from 2005-2013. (Ex. 2.) Second Interrogatory No. 2 asks Hemlock to identify any documents in its possession, custody, or control that refer or relate to Hemlock's share of the market for solar grade polysilicon, however measured, in the European Union, any member country of the European Union; and/or Europe for all or any part of the period from 2005-2013. (*Id.*) Second RFP No. 1 seeks all documents identified in Hemlock's responses to the Second Interrogatories—documents related to Hemlock's market share in the EU and its

member states.   (Ex. 3.)   In response to all of the above, Hemlock refused to provide substantive responses.   (Exs. 4 and 5.)

Among its affirmative defenses, Deutsche Solar asserts that "The Supply Contracts as Plaintiff seeks to enforce them are illegal, and/or the enforcement of the Supply Contracts would make the Court a party to a violation of European Union antitrust law."   (Def.'s Affirmative Defenses ¶ 6 [ECF No.14].)   Hemlock has long been aware that Deutsche Solar planned to submit an expert report on this issue.   (*See* Ex. 7, Def.'s Response to Plf.'s Interrogatory No. 3.) [3]   In discussing an extension of the proposed schedule, Hemlock's counsel told Deutsche Solar's counsel that he knew Deutsche Solar would be submitting an expert report on the antitrust issue and requested an adjustment to the proposed schedule to permit Hemlock to submit a rebuttal expert report.   Deutsche Solar agreed.   (*See* Ex. 6, Aug. 25, 2014, Joint Letter to Court with Proposed Schedule.)

Article 101 of the Treaty on the Functioning of the European Union provides in part:

> 1.   The following shall be prohibited as incompatible with   the   internal   market:   all   agreements   between

---

[3]   Under the Stipulation and Order for the Production and Exchange of Confidential Information dated February 24, 2014 [ECF No. 28], Exhibits 7-10 and 15-16 cannot be filed until after Deutsche Solar gives Hemlock seven days' written notice of its intent to file such document, so as to give Hemlock an opportunity to file a motion to seal under Fed. R. Civ. P. 5.2.   This Memorandum of Law constitutes the required written notice. Absent the filing of such a Motion, Deutsche Solar will file these exhibits publicly on or after October 2, 2014.

undertakings, decisions by associations of undertakings and concerted practices which may affect trade between Member States and which have as their object or effect the prevention, restriction or distortion of competition within the internal market, and in particular those which:

(a)  directly or indirectly fix purchase or selling prices or any other trading conditions;

(b)  limit or control production, markets, technical development, or investment;

(c)  share markets or sources of supply;

(d)  apply dissimilar conditions to equivalent transactions with other trading parties, thereby placing them at a competitive disadvantage;

(e)  make the conclusion of contracts subject to acceptance by the other parties of supplementary obligations which, by their nature or according to commercial usage, have no connection with the subject of such contracts.

ART. I, ¶ 1 TFEU.  Firms may be exempt from these provisions if they have fewer than 250 employees or their share of the market is less than 15 percent.  EUROPEAN COMMISSION, GUIDELINES ON VERTICAL RESTRAINTS C130/1, ¶ 9.  Thus, information regarding Hemlock's market share during the relevant time period is necessary for Deutsche Solar to complete its evaluation of the antitrust issue.

## 1.   <u>Second Interrogatory No. 1</u>

In addition to its General Objections, Hemlock objects to producing information regarding its market share in the European Union on the grounds that the interrogatory is vague and ambiguous, unduly burdensome, and is not

reasonably calculated to lead to the discovery of admissible evidence.  (Ex. 4.) These objections are unavailing.

First, this interrogatory is designed to seek discovery of admissible evidence regarding Deutsche Solar's EU antitrust defense.  Deutsche Solar understands Hemlock's "not reasonably calculated" objection to refer back to its General Objection No. 8, which lacks merit for the reasons already argued in Section I(A).

Second, Hemlock's vagueness and ambiguity objections lack merit.  It argues that the terms "market in the European Union" and "solar grade prime polysilicon" are vague and "unintelligible" because they are undefined.  (*Id.*)  It also argues that the term "market" would require a legal conclusion not reasonably calculated to lead to the discovery of admissible evidence.  (*Id.*)  Hemlock cannot plausibly claim that the name of the Product at the center of its Complaint is vague and "unintelligible."  Throughout the depositions, Hemlock's counsel questioned witnesses about the Product employing terms including "solar grade poly," "prime quality solar poly" and "prime solar poly" without any apparent difficulty.  (*See* Ex. 8, Asbeck Dep. at 50; Ex. 9, Behrendt Dep. at 73, 75.)  Nor is there anything vague about the term "market in the European Union."  Hemlock may disagree that the EU is a geographic market for the Product, but that argument is a matter for summary judgment.  In any event, Hemlock's damages expert was able to offer

opinions related to the "Solar Poly market."  (*See* Ex. 10, Finnerty Report ¶ 31.)[4] It is premature to block discovery of information related to Hemlock's market share in the European Union and its member states.

Finally, Hemlock's undue-burden objection is unpersuasive.  It claims that the information sought is available in the public domain; Hemlock does *not* claim that it does not possess such information or that it would be burdensome to locate within its files.  The parties have been involved in this litigation for over a year, and in that time, Deutsche Solar has been unable to locate the requested information in the public domain.  Under the circumstances, it is comparatively less onerous for Hemlock to provide the information from its own records.

### 2.   Second Interrogatory No. 2

With regard to Deutsche Solar's Second Interrogatory No. 2 asking Hemlock to identify documents related to its market share in the European Union and its member states, Hemlock asserts the same General Objections and incorporates its response to Second Interrogatory No. 1.  As noted earlier, General Objections should not be recognized as valid objections.  Regardless, the only General Objection that arguably could apply is General Objection No. 8, which lacks merit for the reasons stated in Section I(A) of this brief.

---

[4]   For purposes of this Motion, Deutsche Solar includes relevant excerpts from Dr. Finnerty's report.  It does not concede that he should be permitted to offer his opinions at trial and reserves the right to seek to disqualify him at the proper time.

### 3. Second RFP No. 1

Hemlock responded to the requests to produce documents identified in its response to Second Interrogatory No. 2 by stating that it did not identify any responsive documents. (Ex. 3.) When read in conjunction with Hemlock's response to the Second Interrogatories, it is evident that Hemlock did not search for responsive documents. For the same reasons that the information requested in the Second Interrogatories is discoverable and potentially relevant, the Court should order Hemlock to search for and produce responsive documents along with its responses to the Second Interrogatories.

### C. Specific Objections Regarding Documents Related to Deutsche Solar and the Contracts at Issue Used in MOFCOM Proceedings

Second RFP No. 2 seeks all documents submitted by or on behalf of Hemlock in the trade proceeding before the People's Republic of China's Ministry of Commerce ("MOFCOM") referenced in a letter from Hemlock to Deutsche Solar (which Deutsche Solar identified in Exhibit A to the Second RFPs) that refer, reflect, or relate to Deutsche Solar or any of its affiliates or to any agreement between the parties. Hemlock objects to the production of documents that it submitted in the trade proceeding in China regarding Deutsche Solar and the contracts at issue in this matter with generic objections to relevance and the burden of producing the documents. Hemlock also contends that the request is duplicative of an earlier request by Deutsche Solar. The requested documents are relevant or

likely to lead to the discovery of admissible evidence, and the request is narrowly tailored and based on information that became available during the course of discovery.

In October 2011, SolarWorld Industries America, a sister company of Deutsche Solar, filed complaints with the Department of Commerce and the International Trade Commission based on unfair trade practices by China's state-sponsored solar companies.  (*See* Ex. 11, SolarWorld Press Release Oct. 19, 2011.) The cases were reported widely in the trade press, as was the concern of US polysilicon manufacturers that MOFCOM would retaliate with trade proceedings in China against American polysilicon suppliers, including Hemlock.  (*See* Ex. 12, *"Retaliatory" Chinese Investigation Will Hurt US Polysilicon Makers,"* rechargenews.com, July 20, 2012.)   On May 17, 2012, the Department of Commerce made a preliminary determination and imposed duties on imported Chinese solar products.  (Ex. 13, Department of Commerce International Trade Administration Fact Sheet.)  MOFCOM then announced its investigation into US polysilicon suppliers.  (Ex. 14, *Update:  Long-Awaited Complaint against US Filed with MOFCOM*," PVTech, July 20, 2012.)  This trade dispute, which began years before Hemlock filed its complaint and continues to this day, is relevant to many of the claims and defenses in this case.

First, the unforeseen and unforeseeable, illegal intervention in the market by a third party provides a defense to performance.  *See, e.g., Chang v. Pacificorp*, 157 P.3d 243, 252 (Or. Ct. App. 2007) (upholding trial court determination that a defense to a breach of contract action based on third party's illegal manipulation of electricity market was an issue for the trier of fact).  Deutsche Solar raised this issue as an affirmative defense.  (Def.'s Affirmative Defenses, ¶ 16 [ECF No. 14].)

Second, the trade disputes also relate to Hemlock's offer not to pursue any claims against Deutsche Solar and to negotiate in good faith if SolarWorld submitted a requested letter to Undersecretary Sanchez of the Department of Commerce agreeing to negotiate with the Chinese government.  (Ex. 15, Rinaldi Dep. Ex. 22.)  Although the offer was accepted and the letter submitted, Hemlock did not negotiate in good faith and, instead, filed this suit.  (Def.'s Affirmative Defenses, ¶¶ 7 and9 [ECF No. 14].)

Third, as indicated in the letter attached to Second RFP No. 2, Hemlock sought Deutsche Solar's permission to disclose confidential information regarding the supply agreements at issue in this case to the Chinese government.  Deutsche Solar refused, but during his August 27, 2014 deposition James Stutelberg, Hemlock's Vice President of Marketing and Sales, disclosed that Hemlock provided the information to MOFCOM notwithstanding Deutsche Solar's objection.  (Ex. 16, Stutelberg Dep. at 141 and Dep. Ex. 122.)   Hemlock's

characterization of its contracts and the status of its relationship with Deutsche Solar in another legal proceeding is relevant to the positions it has taken regarding the exact same contracts in this proceeding.

Fourth, when Hemlock produced the Expert Report of John Finnerty, Ph.D. on September 8, 2014, Deutsche Solar learned that Hemlock had produced certain information related to the MOFCOM proceeding to Dr. Finnerty. Listed among Dr. Finnerty's reliance materials is a document entitled "'Hemlock Semiconductor Overview – Modified from October 2012 AD/CVD [antidumping/countervailing duty] presentation to MOFCOM,' Hemlock Semiconductor Corporation PowerPoint slideshow."[5] Hemlock's damages expert apparently believed that the MOFCOM proceeding was relevant enough to review a presentation made by Hemlock in that proceeding and to include it in his reliance materials.

Moreover, Hemlock cannot reasonably dispute the relevance of the trade disputes to this action because it has sought extensive discovery on the same subject. Hemlock requested that Deutsche Solar produce documents related to the trade cases. (Ex. 17, Pl.'s First Set of Requests for Production to Def. at Nos. 13 and 14.) By subpoena dated August 11, 2014, Hemlock served a subpoena on the former President of SolarWorld Industries America seeking his deposition and the

---

[5] Professor Finnerty may have relied on additional documents from the MOFCOM proceeding. Deutsche Solar has requested that Hemlock produce Professor Finnerty's reliance materials, but Hemlock has not yet done so.

production of documents related to the trade cases. (Ex. 18, Subpoena to Gordon Brinser and Request Nos. 10-11.)

With regard to Hemlock's claim that the request is duplicative of an earlier request by Deutsche Solar to which it objected, a comparison of Second RFP No. 2 to First RFP No.14 demonstrates that Second RFP No. 2 is much narrower, focusing solely on information related to Deutsche Solar and its contracts filed with MOFCOM. (*Compare* Ex. 1 at Request No. 14 with Ex. 3 at Request No. 2.) Deutsche Solar's earlier request sought all filings by Hemlock in trade proceedings in the US, EU and China. Moreover, the narrow request at issue in this Motion is based on information developed during discovery, and its relevance is bolstered by continued discovery since the service of the request and by the production of Hemlock's expert report, which reveals that Hemlock disclosed at least some of the same information that Hemlock is refusing to provide to Deutsche Solar to its own expert. Deutsche Solar's request was timely, and the slight overlap with an earlier request to which Hemlock objected is immaterial.

## II.   HEMLOCK HAS REFUSED TO PRODUCE ITS QUARTERLY AND ANNUAL FINANCIAL STATEMENTS

During his August 27, 2014 deposition, Mr. Stutelberg disclosed that Hemlock prepared quarterly and annual financial statements, apart from its parent Dow Corning, and that he reviewed them. (Ex. 16, Stutelberg Dep. at 28-29.) The following week, Deutsche Solar requested copies of the financial statements.

(Ex. 19, Sept. 5, 2014 letter from Elliott to Ansbro.)  Hemlock has refused to produce the documents.

Deutsche Solar believes that the financial statements contain information related to Hemlock's claim for damages and to its decision to terminate the contracts, an act that Deutsche Solar contends was made in bad faith.  In particular, the financial statements should contain information related to millions of dollars in prepayments advanced by Deutsche Solar.  Hemlock obviously believed that the financial statements would be relevant to the issue of damages because it provided all of its annual statements for the relevant time period and some of its quarterly statements to its damages expert, Professor Finnerty.  (*See* Ex. 10, Finnerty Report at Appx. B.)  The financial statements also will show that Hemlock's decision to terminate the contracts was motivated by financial concerns and not by any breach on the part of Deutsche Solar.

Although Deutsche Solar also contends that it acted properly and promptly in requesting the financial statements by letter following their disclosure at the Stutelberg deposition, Deutsche Solar contends that Hemlock should have produced the documents in response to Deutsche Solar's First RFPs.  The financial statements would have been responsive to Deutsche Solar's requests for documents related to the performance of and purchase of product under the supply agreements, documents related to the sale of product to Deutsche Solar and

documents related to the damages claimed by Hemlock. (Ex. 20, First RFP Nos. 3, 6, 13.)

Although Hemlock has produced a selection of the quarterly financial statements for the relevant time period to its expert, which Deutsche Solar has requested and assumes it will receive promptly, Hemlock should be required to produce all of the quarterly statements for the period January 1, 2005 to December 31, 2013, rather than the incomplete data provided to Hemlock's expert.

## **PRAYER FOR RELIEF**

WHEREFORE, Deutsche Solar respectfully requests that the Court overrule Hemlock's discovery objections and order Hemlock to produce within 20 days: (1) answers to Deutsche Solar's Second Interrogatories; (2) the documents responsive to Second RFP Nos. 1-2; and (3) to the extent that it has not already done so in complying with its obligation to produce materials provided to its expert, all of its quarterly and annual financial statements for the period January 1, 2005 to December 31, 2013, in response to First RFP Nos. 3, 6, and 13.

Respectfully submitted,

BUTZEL LONG
*a professional corporation*

Dated:  September 24, 2014          By:  _____
                                        DANIEL P. MALONE (P29470)
                                        JOSEPH E. RICHOTTE (P70902)
                                   Stoneridge West
                                   41000 Woodward Avenue
                                   Bloomfield Hills, Michigan 48304
                                   (248) 258-1616
                                   malone@butzel.com
                                   richotte@butzel.com

                                   Larry K. Elliott
                                   David F. Russey
                                   COHEN & GRIGSBY, P.C.
                                   625 Liberty Avenue
                                   Pittsburgh, Pennsylvania 15222-3152
                                   (412) 297-4900
                                   lelliot@cohenlaw.com
                                   drussey@cohenlaw.com

                                   *Attorneys for Defendant Deutsche Solar
                                   GmbH*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of September, 2014, a true and correct copy of the foregoing DEFENDANT'S OMNIBUS MOTION TO COMPEL DISCOVERY was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

BUTZEL LONG
*a professional corporation*

By: _____
   JOSEPH E. RICHOTTE (P70902)