UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION, | Civil No. 1:13-cv-11037 |
| Plaintiff, | HON. THOMAS L. LUDINGTON |
| v. | **MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER STRIKING AFFIRMATIVE DEFENSE OF ILLEGALITY** |
| DEUTSCHE SOLAR GmbH f/k/a DEUTSCHE SOLAR AG, | |
| Defendant. | |

Under E.D. Mich. L. Civ. R. 7.1(h), Defendant Deutsche Solar GmbH

("Deutsche Solar") respectfully requests that the Court grant partial reconsideration

of that portion of its Opinion issued May 7, 2015, that struck Deutsche Solar's

affirmative defense of illegality (ECF 66).

Respectfully submitted,

BUTZEL LONG
*a professional corporation*

Dated: May 18, 2015        By: _____
                                DANIEL P. MALONE (P29470)
                                JOSEPH E. RICHOTTE (P70902)
                           Stoneridge West
                           41000 Woodward Avenue
                           Bloomfield Hills, Michigan 48304
                           (248) 258-1616
                           malone@butzel.com
                           richotte@butzel.com

COHEN & GRIGSBY, P.C.

By: LARRY K. ELLIOTT (PA No. 35261)
    ANTHONY CILLO (PA No. 39687)
    DAVID F. RUSSEY (PA No. 84184)
625 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 297-4900
lelliott@cohenlaw.com
acillo@cohenlaw.com
drussey@cohenlaw.com

*Attorneys for Defendant Deutsche Solar GmbH,*
*f/k/a Deutsche Solar AG*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION,

      Plaintiff,

v.

DEUTSCHE SOLAR GmbH
f/k/a DEUTSCHE SOLAR AG,

      Defendant.

Civil No. 1:13-cv-11037

HON. THOMAS L. LUDINGTON

**MOTION FOR PARTIAL
RECONSIDERATION OF COURT'S
ORDER STRIKING AFFIRMATIVE
<u>DEFENSE OF ILLEGALITY</u>**

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION</u>**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ....................................................................................i

INDEX OF AUTHORITIES............................................................................ ii

CONCISE STATEMENT OF ISSUES PRESENTED ..........................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................v

SUMMARY OF ARGUMENT ..........................................................................1

LEGAL STANDARD.......................................................................................2

PROCEDURAL AND FACTUAL BACKGROUND ............................................3

ARGUMENT .................................................................................................6

    I.    The May 7 Order Contains a Palpable Defect Regarding the Nature of Deutsche Solar's Illegality Defense Based on European Union Antitrust Law. ...........................................................6

        A.    Deutsche Solar Does Contend that the Agreements Are Inherently Illegal under EU Antitrust Law. ...............................6

        B.    Professor's Saecker's Second Opinion Is Not Contingent on Hemlock Reaching a Certain Market Share During the Life of the Contract....................................................................9

        C.    The Court Committed an Error of Law When It Applied the Illegality Defense to the Facts of the Case in Connection with the Motion to Strike the Defense. .................11

    II.    These Palpable Defects Misled the Court. .........................................15

    III.    Correcting the Defect Regarding the Nature of Deutsche Solar's Defense Will Result in a Different Disposition of the Case. .............16

CONCLUSION ...........................................................................................17

CERTIFICATE OF SERVICE .......................................................................18

# <u>INDEX OF AUTHORITIES</u>

**Cases**

*Adams v. Hyman Lippit, P.C.*, No. 05-72171, 2005 WL 3556196
    (E.D. Mich. Dec. 29, 2005)……………………………………………...12

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)…………………………………12, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)………………………12, 14

*Exclusively Cats Veterinary Hospital, P.C. v. Pharmaceutical Credit Corp.*,
    No. 13-CV-14376, 2014 WL 4715532 (E.D. Mich. Sept. 22, 2014)………13

*First Nat'l Ins. Co. of America v. Camps Servs., Ltd.*, No. 08-12805,
    2009 WL 22861 (E.D. Mich. Jan. 5, 2009)……………………………...13

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)………………………14

*Frank v. Dana Corp.*, 237 F.R.D. 171 (N.D. Ohio 2006)………………………..6

*Geostar Corp. v. Gastar Exploration Ltd.*, No. 07-cv-12854,
    2008 WL 360804 (E.D. Mich. Feb. 8, 2008)……………………..……..2

*Hahn v. Best Recovery Servs.*, No. 10-12370, 2010 WL 4483375
    (E.D. Mich. Nov 1, 2010)…………………………………………………..12

*Harco Nat'l Ins. Co. v. Sleegers Engineering, Inc.*, No. 06-cv-11314,
    2014 WL 7157011 (E.D. Mich. Dec. 15, 2014)…………………………..2

*Kaiser Steel Corp. v. Mullins*, 455 U.S. 72 (1982)………………………4, 5, 14, 15

*Kelly v. Kosuga*, 358 U.S. 516 (1959)…………………………………..5, 14, 15

*Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902
    (E.D. Mich. June 12, 2014)………………………………………………...12

**Rules**

FED. R. CIV. P. 8(a)…………………………………………………………..13

FED. R. CIV. P. 8(b)…………………………………………………………..13

FED. R. CIV. P. 8(c)…………………………………………………………..13

FED. R. CIV. P. 12(d)……………………………………………………...13, 14

FED. R. CIV. P. 12(f)……………………………………………………...13, 14

E.D. Mich. L. Civ. R. 7.1(g)(3)…………………………………………….2

**Other Authorities**

European Comm'n, Guidelines on Vertical Restraints, 2010/C 130/01
    (May 19, 2010)………………………………………………..7, 10

EU – Commission, Staff Working Document, 6/25/2014, SWD
    (2014) 198 final………………………………………………...8

EU Regulation 330/2010 (Apr. 20, 2010)……………………………….7, 9

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether an Order striking an affirmative defense of illegality requires reconsideration when the Court was misled by palpable defects:

(1) that Deutsche Solar raised only one basis for illegality when in fact, Deutsche Solar asserted two bases for illegality, the first that the agreements were inherently illegal under EU antitrust law;

(2) that Deutsche Solar's second basis for illegality is contingent on it establishing a certain market share, when in fact, market share is relevant only as a *defense* available to *Hemlock* to combat Deutsche Solar's second illegality argument; and

(3) when the Court analyzed the facts and circumstances that may (or may not) apply to the defense, rather than simply determine whether Deutsche Solar had stated a valid defense sufficient to survive the pleading stage.

*Suggested Answer:  Yes.*

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Adams v. Hyman Lippit, P.C.*, No. 05-72171, 2005 WL 3556196
    (E.D. Mich. Dec. 29, 2005)

*Hahn v. Best Recovery Servs.*, No. 10-12370, 2010 WL 4483375
    (E.D. Mich. Nov 1, 2010)

*Harco Nat'l Ins. Co. v. Sleegers Engineering, Inc.*, No. 06-cv-11314, 2014 WL
    7157011 (E.D. Mich. Dec. 15, 2014)

E.D. Mich. L. Civ. R. 7.1(g)(3).

Defendant Deutsche Solar GmbH ("Deutsche Solar") by its counsel moves for reconsideration of the Court's decision dated May 7, 2015 (ECF 66) (the "May 7 Order"), and in support thereof represents the following:

## SUMMARY OF ARGUMENT

Deutsche Solar limits this motion to the Court's striking of Deutsche Solar's sixth affirmative defense. For its sixth affirmative defense, Deutsche Solar averred that "[t]he Supply Contracts as Plaintiff seeks to enforce them are illegal, and/or enforcement of the Supply Contracts would make the Court a party to a violation of European Union antitrust law." (ECF 14.) In its May 7 Order, the Court recognized that a defense of illegality under the European Union antitrust laws is cognizable, but it then held that the defense did not apply under the specific circumstances of this case.

Deutsche Solar respectfully submits that in striking Deutsche Solar's sixth affirmative defense, the Court committed palpable errors of both fact and law. Specifically, the Court appeared to be under the impression that Deutsche Solar was claiming only a single basis for illegality and that any claim for illegality was contingent on Hemlock achieving a certain share of the market. Instead, Deutsche Solar contends that the agreements are illegal under the antitrust laws of the European Union for at least two independent reasons, one of which is in no way contingent on Hemlock's market share or any other external factor. Although

Hemlock's market share may be relevant to the second basis of illegality, it is relevant only in that *Hemlock* may argue that it is not subject to the applicable regulation based on its share of the market—an argument on which Hemlock would bear the burden of proof.  Finally, Deutsche Solar submits that the Court deviated from the applicable standard in considering the specific facts and circumstances of the defense in connection with the motion to strike, rather than limiting its consideration at this time to whether such a claim is cognizable *under any set of circumstances*.

For the reasons stated herein, the Court should grant this Motion for Reconsideration and correct its May 7 Order.

## LEGAL STANDARD

If the moving party shows:  (1) a palpable defect, (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case, then the Court will grant a motion for reconsideration. *Harco Nat'l Ins. Co. v. Sleegers Engineering, Inc.*, No. 06-cv-11314, 2014 WL 7157011, at *1 (E.D. Mich. Dec. 15, 2014) (Ludington, J.); *Geostar Corp. v. Gastar Exploration Ltd.*, No. 07-cv-12854, 2008 WL 360804, at *1 (E.D. Mich. Feb. 8, 2008) (Ludington, J); E.D. Mich. LR 7.1(g)(3).  Each of these factors is

satisfied with regard to the Court's May 7 Order striking Deutsche Solar's antitrust defense.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

Prior to the discovery cut-off, Deutsche Solar sought discovery regarding Hemlock's market share in the European Union.  Hemlock objected, and Deutsche Solar moved to compel Hemlock to produce the requested information.  (*See* ECF 30, Deutsche Solar's Omnibus Mot. to Compel Disc.)  The information sought was necessary for Deutsche Solar's EU antitrust expert to complete his expert report. Hemlock then moved to strike the defense.  (ECF 36.)

In response to the Motion to Strike, Deutsche Solar submitted a short declaration from its expert providing a very brief overview of some of his opinions and a rebuttal to Hemlock's claims regarding the operation of the antitrust system in the European Union.  (ECF 53-2, Decl. of Prof. Franz Jürgen Säcker ("Saecker Decl.").)  In that declaration, Professor Saecker outlined <u>two</u> independent opinions:[2]  (1) because the supply agreements at issue purport to require Deutsche

---

[1]     While many of the same arguments also would apply to the Motion to Compel, Deutsche Solar recognizes that the Court has very broad discretion with regard to discovery and that the standards applicable to a motion to strike do not apply to discovery.

[2]     Due to the discovery dispute, Professor Saecker has not yet submitted his expert report stating all of his opinions in detail.  The Saecker Declaration did not purport to be a full statement of Professor Saecker's opinions in this matter.  (ECF 53, Resp. to Mot. to Strike at 2 fn.2; ECF 53-2, Saecker Decl. ¶ 16.)

Solar to take or pay for material and at the same time prohibit Deutsche Solar from reselling the material to any other party, the contracts impermissibly restrict competition by preventing the buyer from competing with the seller (*id.* at ¶¶ 9-10), and (2) where a contract with a term of five years or more requires a buyer to purchase more than 80% of its requirements from a single seller, the contract also imposes an impermissible restriction under EU antitrust laws (*id.* ¶ 11). Information related to Hemlock's market share would be relevant only to the second of those opinions because Hemlock could have a defense if its share of the market is less than 15 percent. Such a market share exception is not applicable to the first opinion, which is in no way contingent on Hemlock having any particular share of the market. (*Id.* ¶ 16 (the market share information "is <u>not</u> relevant to my opinion expressed in paragraph 9") (emphasis added).) In his first opinion, Professor Saecker stated that the agreements are fundamentally illegal and void in that they present a "hardcore restriction" (a restriction that removes the benefit of the block exemption" [the exemption for companies with fewer than 250 employees and less than a 15 percent market share]).) (*Id.* ¶ 9.)

In its May 7 Order, the Court properly found that "the reasons offered by Hemlock for why Deutsche Solar's affirmative defense of illegality should be stricken are without merit." (ECF 66, May 7 Order at 7.) The Court expressly recognized that "[a]fter *Kaiser Steel*, the affirmative defense of illegality under

antitrust laws is expressly permitted.  (*Id.*)  The Court, however, did not end its

analysis there.  Instead, the Court then analyzed the specific circumstances of its

understanding of Deutsche Solar's defense and concluded that the defense would

not be available under the circumstances as it understood them:

> Deutsche Solar claims that the agreements are illegal
> under EU antitrust law *if* Hemlock's market conduct
> transgresses certain EU-defined market conditions. . . .
> For Deutsche Solar's affirmative defense to be
> sustainable they would need to show that the take-or-pay
> transaction requirement under the agreement was
> inherently offensive to antitrust laws (the *Kosuga*
> prohibition) or that it is inextricably intertwined with a
> provision that is offensive to antitrust laws (the *Kaiser
> Steel* prohibition) such that it operates as a means of
> enforcing the illegal collateral provision.  Deutsche Solar
> has not made this claim.

(*Id.* at 18-19 (emphasis in original).)  In reaching this decision to strike Deutsche

Solar's defense, the Court apparently focused on Professor Saecker's second basis

for finding the contracts to be illegal under the EU antitrust laws.  The Court,

however, did not consider Deutsche Solar's first argument, referenced in Professor

Saecker's first opinion, that does not rely in any way on the market share of

Hemlock or any other contingency, and, instead, states that the agreements are

patently illegal as a violation of a "hardcore restriction" of the EU antitrust laws.

Neither Hemlock nor Deutsche Solar briefed the issue upon which the Court

ultimately struck Deutsche Solar's illegality defense.  Nor had Deutsche Solar

submitted a full expert report from Professor Saecker.  Both Deutsche Solar and

Hemlock focused their briefing on whether a defense of illegality arising under the antitrust laws of the EU was cognizable, not the contours of that defense as applied to this case.

## ARGUMENT

**I.     The May 7 Order Contains a Palpable Defect Regarding the Nature of Deutsche Solar's Illegality Defense Based on European Union Antitrust Law.**

A defect warranting reconsideration may be an error of law or fact.  *See Frank v. Dana Corp.*, 237 F.R.D. 171, 172 (N.D. Ohio 2006) (in granting motion for reconsideration, explaining that reconsideration may be warranted when "something material was overlooked or disregarded . . . [which] point[s] to substantial error of fact or law" (quotations omitted) (alterations in original)).  The May 7 Order contains such a palpable defect in its characterization of the nature of EU antitrust violations related to the agreements.  Moreover, the Court also erred as a matter of law in examining the specific facts and circumstances of the defense in the context of a motion to strike.

### A.     Deutsche Solar Does Contend that the Agreements Are Inherently Illegal under EU Antitrust Law.

Professor Saecker outlined *two separate* opinions on illegality under the European Union antitrust laws,[3] one of which is wholly unrelated to market share.

---

[3]     During briefing on the Motion to Strike, Deutsche Solar noted that Professor Saecker would be offering two opinions.  (ECF 53, Resp. to Mot. to Strike at 2.)

6

In the May 7 Order, the Court mistakenly stated that Deutsche Solar's antitrust argument depended upon Hemlock having a particular share of the market.  (*See* ECF 66, May 7 Opinion at 14 ("Deutsche Solar argues that if Hemlock meets certain market capitalization requirements the take-or-pay supply agreement would violate EU antitrust law."); *id.* at 18 ("Deutsche Solar claims that the agreements are illegal under EU antitrust law *if* Hemlock's market conduct transgresses certain EU-defined market conditions.") (emphasis in original).)  It therefore appears that the Court failed to appreciate that Deutsche Solar was arguing the agreements were illegal under the EU antitrust laws for two different and independent reasons.

Deutsche Solar's first argument that the claims are illegal under the antitrust law of the European Union, as referenced in Professor Saecker's Declaration, is that the agreements violate a hardcore restriction in the European Union antitrust laws, and, therefore, the agreements are inherently illegal.  (*See* Saecker Decl. ¶ 9; *see also* EU Regulation 330/2010 (Apr. 20, 2010),  ¶ 10; *id.* art. 4, lit b; European Comm'n, <u>Guidelines on Vertical Restraints</u>, 2010/C 130/01 (May 19, 2010), ¶ 10.)

Specifically, the agreements require Deutsche Solar to take-or-pay for polysilicon and at the same time restrain it from reselling the material and competing with Hemlock.  Thus, Deutsche Solar contends that enforcing the agreements—which violate an explicit prohibition of EU antitrust law on agreements that would restrict a buyer from entering into competition with the

seller—would make the Court a party to a violation by enforcing a provision that

requires Deutsche Solar to take or pay for material it is prohibited from reselling,

thereby giving effect to the harm the antitrust laws seek to prevent.[4]  Due to the

violation of a hardcore restriction—which is a flat prohibition on the conduct

embodied in the contracts—and based on the applicable regulations and decisional

law Hemlock's market share simply is not relevant to this first argument.[5]  (*See id*.

¶ 16.)  Where an agreement contains a hardcore restriction, no safe harbor based on

a *de minimis* market share is applicable.  *See* EU – Commission, Staff Working

Document, 6/25/2014, SWD (2014) 198 final.

Second, the agreements restrict competition by tying the predominant

demand of a buyer to a single seller.  (Saecker Decl. ¶ 11.)  Hemlock's market

share may be relevant to this second argument for the reasons set forth in Section

I(B) *infra*.

Thus, contrary to the characterization of Deutsche Solar's position in the

May 7 Order, Deutsche Solar *does contend* that the agreements are inherently

---

[4]     The restriction on reselling the Product is inextricably intertwined with the take-or-pay provision but is not contingent on Hemlock's market share or capitalization.

[5]     Based on the need to file this motion promptly and a German National Holiday on May 14, Deutsche Solar has not submitted an additional declaration from Professor Saecker.  Moreover, for the reasons stated in Section II, the appropriate standard for evaluating Deutsche Solar's defense is whether it may exist under any set of circumstances and not whether it exists under the specific circumstances of this case.

illegal under EU antitrust law and not severable from the take-or-pay provision. Nor is that contention contingent on any market conduct by Hemlock or EU-defined market conditions.  Accordingly, the Court's opinion contains a palpable defect in its statement of the nature of affirmative defense Deutsche Solar seeks to pursue.

> **B.    Professor's Saecker's Second Opinion Is Not Contingent on Hemlock Reaching a Certain Market Share During the Life of the Contract.**

Admittedly, Deutsche Solar sought information related to Hemlock's market share in connection with Deutsche Solar's second antitrust argument, as referenced in the second opinion briefly outlined in Professor Saecker's declaration. Nevertheless, it is *not* Deutsche Solar's contention that the antitrust violation is contingent on Hemlock attaining a certain share of the market.  To the contrary, the tying of the predominant demand[6] of a buyer to single seller also is an express violation of EU antitrust law.  *See* EU Regulation 330/2010 (Apr. 20, 2010), art. 1, lit. d (defining "non-compete obligation" as, *inter alia*, "any direct or indirect obligation on the buyer to purchase from the supplier or from another undertaking

---

[6]    Whether Deutsche Solar's predominant demand came from Hemlock at the outset of the contracts or at a later date is an issue of fact.  In any case, Hemlock contends that the parties subsequently ratified the agreements (*see* ECF 36 at 18-19; ECF 55 at 6-7), and the existence and effect of the alleged ratification would need to be considered.

designated by the supplier more than 80% of the buyer's total purchases of the contract goods or services . . . .).

As explained above, the Court characterized Deutsche Solar's argument as asserting that the agreements offend European Union antitrust laws only if Hemlock's market share exceeds the size restriction EU laws proscribe for such transactions. The Court then concludes that because the agreements are not per se illegal—and instead are contingent on Hemlock reaching a certain market share— Deutsche Solar cannot rely on the antitrust violation as an affirmative defense. (May 7 Opinion at 19.) This analysis misapprehends the role that proof of the market share threshold plays in Deutsche Solar's argument.

Although Deutsche Solar would have the burden of establishing the initial violation (in the context of the second opinion, the impermissible tying of the predominant demand of one party to a single seller), critically, under EU law, *Hemlock* would have the burden of proving that its market share is less than 15 percent in order to *avoid* any illegality. European Commission, Guidelines on Vertical Restraints, 2010/C 130/01 (May 19, 2010) ¶ 96 ("The undertakings claiming the benefit of Article 101(3) [the market-share exemption] bear the burden of proving that the conditions of that paragraph are fulfilled."). Under these provisions, once Deutsche Solar establishes a noticeable restraint of competition as well as its pertinence to an impairment of cross-national trade

(which is presumed for certain types of restraints, including the restraint applicable to Deutsche Solar's second argument), the burden shifts to Hemlock to disprove any illegality by showing its entitlement to the exemption—*i.e.,* that its market share does not exceed 15 percent.  *See id.*  In other words, Deutsche Solar does not need to prove market share to have a viable defense to contractual enforcement. Rather, *Hemlock*, if it contends that the defense is applicable, needs to prove its market share to have a viable defense to illegality.  Deutsche Solar sought discovery on this basis in anticipation of Hemlock's defense.  At this time, however, Deutsche Solar has not completed its expert report, and Hemlock has not alleged that it is entitled to assert the defense, placing its market share at issue.

Because the May 7 Opinion misapprehends the nature of Deutsche Solar's second basis for claiming that the agreements are illegal under EU antitrust law, it contains a palpable defect.

### C.    The Court Committed an Error of Law When It Applied the Illegality Defense to the Facts of the Case in Connection with the Motion to Strike the Defense.

In the May 7 Opinion, the Court set forth the correct standard for evaluating a motion to strike.  Deutsche Solar respectfully submits that, in engaging in an analysis of the facts and circumstances that may (or may not) apply to the defense, the Court did not follow that standard, thereby committing a palpable error.

11

The Court correctly noted in the May 7 Opinion that a "defense is insufficient 'if as a matter of law, the defense cannot succeed *under any circumstances*.'" (May 7 Order at 5 (quoting *Hahn v. Best Recovery Servs.*, No. 10-12370, 2010 WL 4483375, at *2 (E.D. Mich. Nov 1, 2010) (emphasis added).) "Generally, however, a rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." (*Id.* (quoting same).)  Having analyzed the issues thoroughly and determined that the defense of illegality under the EU antitrust laws is cognizable—*i.e.*, that it does exist under certain circumstances— the Court erred in delving into the specific circumstances of this case beyond what appears in the parties' pleadings.  "[A] motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Adams v. Hyman Lippit, P.C.*, No. 05-72171, 2005 WL 3556196, at *21 (E.D. Mich. Dec. 29, 2005).

Deutsche Solar's answer to Hemlock's complaint contained a short and plain statement of its affirmative defense that "[t]he Supply Contracts as Plaintiff seeks to enforce them are illegal, and/or enforcement of the Supply Contracts would make the Court a party to a violation of European Union antitrust law." (ECF 14.) In pleading its affirmative defenses, Deutsche Solar was not required to meet the heightened pleading standards of *Iqbal* and *Twombly*, *see Malibu Media v. Doe*,

No. 13-11432, 2014 WL 2616902, at *1 (E.D. Mich. June 12, 2014), and Hemlock

never moved for a more definite statement of Deutsche Solar's antitrust defense.[7]

The expert report of Professor Saecker has not been finalized due to the pending

discovery dispute and is not part of the record.

Deutsche Solar submitted Professor Saecker's declaration to show that

issues of fact existed with regard to the Motion to Strike[8] and to rebut certain

statements by Hemlock regarding EU antitrust proceedings and procedure. Unlike

a motion under Federal Rule of Civil Procedure 12(d), Rule 12(f) does not permit

the Court to convert a motion to strike into a motion for summary judgment.

_____

[7]    Deutsche Solar does not understand the Court's opinion to be based on an alleged failure by Deutsche Solar to meet a heightened pleading requirement, notwithstanding the statement that Deutsche Solar was required to "<u>show</u> that the take-or-pay transaction requirement under the agreements was inherently offensive to antitrust laws . . . or that it is inextricably intertwined with a provision that is offensive to antitrust laws . . . such that it operates as a means of enforcing the illegal collateral provision." (May 7 Order at 18-19.) As the court explained in *Exclusively Cats Veterinary Hospital, P.C. v. Pharmaceutical Credit Corp.*, "Rule 8(a) requires a 'short and plain statement of the claim *showing* the pleader is entitled to relief,' while Rule 8(b) only requires a statement 'in short and plain terms' of 'defenses to each claim.'" No. 13-CV-14376, 2014 WL 4715532, at *2 (E.D. Mich. Sept. 22, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Furthermore, Rule 8(c), which governs affirmative defenses, contains no language similar to that contained in Rule 8(a). *Id.* (citing *First Nat'l Ins. Co. of America v. Camps Servs., Ltd.*, No. 08-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009)). In sum, affirmative defenses are not subject to any heightened pleading standards; it is sufficient for the defendant to state the defenses in a manner providing fair notice to the plaintiff of the nature of those defenses.

[8]    Both Hemlock and Deutsche Solar recognized that the Court should not consider facts outside of the pleadings, except for judicially noticeable material. (*See* ECF 36, Mot. to Strike at 5 n.3; ECF 53, Resp. to Mot. to Strike at 7.)

13

*Compare* FED. R. CIV. P. 12(d) *with* 12(f).  Deutsche Solar does not allege in its

answer that any violation of the EU antitrust law is contingent upon certain market

conditions or upon Hemlock attaining a certain share of the market.

Even if the Court does not believe that Deutsche Solar ultimately will

prevail on its antitrust defense at a later stage in the proceeding, the Court cannot

short-circuit the issue at the pleading stage by applying a higher standard:  "[A]

well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of those facts alleged is improbable and that a recovery is very remote and

unlikely."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations

omitted)).

The Court held that

> For Deutsche Solar's affirmative defense to be
> sustainable they would need to <u>*show*</u> that the take-or-pay
> transaction requirement under the agreement was
> inherently offensive to antitrust laws (the *Kosuga*
> prohibition) or that it is inextricably intertwined with a
> provision that is offensive to antitrust laws (the *Kaiser
> Steel* prohibition) such that it operates as a means of
> enforcing the illegal collateral provision.

(May 7 Order at 18 (emphasis added).)  Deutsche Solar respectfully submits that it

should have been given the opportunity to demonstrate through a full exposition of

its position following expert discovery how the agreements offend the antitrust

laws of the European Union, and that the Court could then examine the defense on

14

a complete record if Hemlock challenges the defense through a summary judgment

motion.

## II.   These Palpable Defects Misled the Court.

That the Court was misled regarding the nature of Deutsche Solar's defense

is plain from statements made in the May 7 Order.

- Here, there is not patent illegality in the supply agreements.  Rather, Deutsche Solar argues that if Hemlock meets certain market capitalization requirements, the take-or-pay supply agreements would violate EU antitrust law.  (May 7 Order at 14.)

- Deutsche Solar claims that the agreements are illegal under EU antitrust law *if* Hemlock's market conduct transgresses certain EU-defined market conditions.  (*Id.* at 18 (emphasis in original).)

- For Deutsche Solar's affirmative defense to be sustainable they would need to show that the take-or-pay transaction requirement under the agreement was inherently offensive to antitrust laws (the *Kosuga* prohibition) or that it is inextricably intertwined with a provision that is offensive to antitrust laws (the *Kaiser Steel* prohibition) such that it operates as a means of enforcing the illegal collateral provision.  *Deutsche Solar has not made this claim*.  (*Id.* (emphasis added).)

- Deutsche Solar only argues that the take-or-pay agreement—that is the bare transaction requirement—would be offensive to EU antitrust laws if Hemlock's European market capitalization exceeds the size restrictions on the EU's take or pay prohibition.  (*Id.* at 19.)

15

The Court mistakenly believed that the Deutsche Solar's illegality defense was based on some contingency. For the reasons explained in Section I, it is not.

The Court also was misled with regard to the operation of the motion to strike standard in that it considered the particular facts and circumstances of the defense.

## III.   Correcting the Defect Regarding the Nature of Deutsche Solar's Defense Will Result in a Different Disposition of the Case.

The Court's misinterpretation of Deutsche Solar's argument resulted in its holding that Deutsche Solar's affirmative defense was viable only if it proved Hemlock's market share. This interpretation of Deutsche Solar's argument is factually and legally defective, and such defect resulted in the Court's conclusion that Deutsche Solar could not state an affirmative defense based on EU antitrust violations. Therefore, the Court's correction of this error at this stage will affect the outcome of the motion to strike. Because the Court recognized that the defense may exist under certain circumstances, Deutsche Solar should be permitted to develop those circumstances. At that point, the Court may then consider all of the facts and circumstances on a complete record and based on a standard that permits the Court to consider facts outside of the pleadings.

## CONCLUSION

Deutsche Solar respectfully asks this Court to grant its motion for reconsideration of its May 7 Opinion striking Deutsche Solar's affirmative defense of illegality.

Respectfully submitted,

BUTZEL LONG
*a professional corporation*

Dated: May 18, 2015                  By:_____

    DANIEL F. MALONE (P29470)
    JOSEPH E. RICHOTTE (P70902)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
(248) 258-1616
malone@butzel.com
richotte@butzel.com

COHEN & GRIGSBY, P.C.

By: LARRY K. ELLIOTT (PA No. 35261)
    ANTHONY CILLO (PA No. 39687)
    DAVID F. RUSSEY (PA No. 84184)
625 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 297-4900
lelliott@cohenlaw.com
acillo@cohenlaw.com
drussey@cohenlaw.com

*Attorneys for Defendant Deutsche Solar GmbH, f/k/a Deutsche Solar AG*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of May 2015, a true and correct copy of the foregoing Defendant's Memorandum of Law in Support of its Motion for Reconsideration was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.



JOSEPH E. RICHOTTE (P70902)