UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE SOLAR GmbH,<br><br>    Defendant. | Civil No. 1:13-cv-11037<br><br>HON. THOMAS L. LUDINGTON<br>MAG. PATRICIA T. MORRIS<br><br>**DEUTSCHE SOLAR'S MOTION TO SEAL EXHIBITS TO HEMLOCK'S MOTION FOR SUMMARY JUDGMENT** |

      Under the Court's Order for Production and Exchange of Confidential Information ("Protective Order"), if a party intends to file a document classified by the opposing party as confidential, then the opposing party may seek within seven days an order sealing that document.  (R. 28, PageID# 274-75, ¶ 12(a).)

      On March 16, 2016, Hemlock filed its Motion for Summary Judgment.  (R. 91.)  Hemlock gave notice to Defendant Deutsche Solar GmbH ("Deutsche Solar") that it intends to file 20 exhibits in support of its Motion that Deutsche Solar classified as confidential: Exhibits 5-9, 15-18, 20-24, 29-31, 34 and 38.

      Deutsche Solar does not oppose Hemlock's intent to publicly file Exhibits 7, 9, 16-18, 21-22, 2, 29, and 37-38.  However, under Fed. R. Civ. P. 5.2(d), E.D. Mich. L. Civ. R. 5.3(b), and the Protective Order, Deutsche Solar respectfully moves to seal:

      1.    In part, <u>Exhibit 5</u>, which is a transcript of the Dr. Peter Woditch's deposition.  Pages 25-28, 85-96, and 109-112 of the condensed version of the transcript

contain testimony about commercially sensitive and confidential negotiations, pricing, internal management reports, and other matters, the disclosure of which would harm Deutsche Solar's economic interests;

    2.    In part, <u>Exhibit 6</u>, which is a copy of Deutsche Solar's Answers to Hemlock's First Set of Interrogatories.  These Answers include two appendices that contain non-public, highly sensitive pricing information through 2019, the public release of which would cause serious damage Deutsche Solar's business and its ability to compete in the marketplace;

    3.    In full, <u>Exhibit 8</u>, which is a copy of the parties' Supply Agreement that contains commercially sensitive and confidential pricing and other terms, the disclosure of which would harm Deutsche Solar's economic interests;

    4.    In part, <u>Exhibit 15</u>, which is a transcript of Gordon Brinser's deposition. Pages 101-112 and 125-156 of the condensed version of the transcript contain testimony about commercially sensitive and confidential pricing and information relating to the international trade cases, the disclosure of which would harm Deutsche Solar's economic interests;

    5.    In part, <u>Exhibit 20</u>, which is a transcript of Daniel Menzel's deposition. Pages 97-104 of the condensed version of the transcript contain testimony about commercially sensitive and confidential pricing and other terms and matters, the disclosure of which would harm Deutsche Solar's economic interests;

    6.    In part, <u>Exhibit 23</u>, which is a transcript of Daniel Menzel's deposition.

Pages 89-92 and 113-116 of the condensed version of the transcript contain testimony about commercially sensitive and confidential pricing and other financial matters, the disclosure of which would harm Deutsche Solar's economic interests; and

7.      In full, Exhibits 30-31 and 34, which are copies of confidential correspondence regarding the parties' Supply Agreement, each of which also contains commercially sensitive and confidential pricing and other information, the disclosure of which would harm Deutsche Solar's economic interests.

On March 23, 2016, counsel held a concurrence conference as required under E.D. Mich. L. Civ. R. 7.1(a)(2)(B).  Hemlock takes no position on the Motion.

                          Respectfully submitted,

                          BUTZEL LONG, P.C.

Dated:  March 23, 2016

DANIEL P. MALONE (P29470)
JOSEPH E. RICHOTTE (P70902)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
(248) 258-1616
malone@butzel.com
richotte@butzel.com
*Attorneys for Deutsche Solar GmbH*

COHEN & GRISBY, P.C.

Larry K. Elliott
David F. Russey
625  Liberty Avenue
Pittsburgh, Pennsylvania 15222-3152
(412) 297-4900
lelliott@cohenlaw.com
drussey@cohenlaw.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEUTSCHE SOLAR GmbH,<br><br>　　　　Defendant. | Civil No. 1:13-cv-11037<br><br>HON. THOMAS L. LUDINGTON<br>MAG. PATRICIA T. MORRIS<br><br>**DEUTSCHE SOLAR'S<br>MOTION TO SEAL EXHIBITS<br>TO HEMLOCK'S MOTION FOR<br>SUMMARY JUDGMENT** |

**DEUTSCHE SOLAR'S
MEMORANDUM OF LAW**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

QUESTION PRESENTED .................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. iv

INTRODUCTION .................................................................................................. 1

ARGUMENT ......................................................................................................... 2

CONCLUSION ..................................................................................................... 2

# **INDEX OF AUTHORITIES**

**Rules**

E.D. MICH. L. CIV. R. 5.3(b)(2) .................................................................................. iv, 2

FED. R. CIV. P. 5.2(d) ................................................................................................ iv, 2

## **QUESTION PRESENTED**

QUESTION NO. 1: Should the Court order Hemlock to file under seal certain Exhibits and portions of certain Exhibits that will be offered in support of its Motion for Summary Judgment, so as to avoid damaging Deutsche Solar's ability to compete in the marketplace?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

FED. R. CIV. P. 5.2(d)

E.D. MICH. L. CIV. R. 5.3(b)(2)

Protective Order ¶ 12(a)  (R. 28 at PageID# 274-75)

## **INTRODUCTION**

On February 14, 2014, the Court entered the Protective Order. Paragraph 12(a) of the Protective Order specifies the procedure for filing confidential documents with the Court. When a party receiving a confidential document during discovery wishes to file that document with the Court, it must give seven days' written notice to the producing party, during which time the producing party may seek an order to seal the document for good cause. The same procedure exists for deposition transcripts that have been designated confidential.

On March 16, 2016, Hemlock filed its Motion for Summary Judgment. The same day, Hemlock provided written notice of its intent to publicly file Exhibits 5-9, 15-18, 20-24, 29-31, 34, and 37-38, which would be offered in support of the Motion.

Deutsche Solar does not oppose Hemlock's intent to publicly file Exhibits 7, 9, 16-18, 21-22, 2, 29, and 37-38.

Deutsche Solar requests, however, that the Court order Hemlock to file Exhibits 8, 30, 31, and 24 under seal in full. These exhibits include a copy of the parties' Supply Agreement and confidential correspondence about the Supply Agreement.

Deutsche Solar also requests that the Court order Hemlock to file under seal portions of Exhibits 5, 6, 15, 20, and 23, with leave to publicly file redacted copies of these exhibits. The portions of Exhibits 5, 15, 20, and 23 specified in this Motion to Seal Exhibits are deposition transcripts containing confidential information. Exhibit 6 is a copy of Deutsche Solar's Answers to Hemlock's First Set of Interrogatories, and the appendices to those Answers also contain confidential information.

## ARGUMENT

A party seeking to file an item under seal in a civil case must state the authority for sealing, include an identification and description of each item proposed for sealing, state the reason that sealing each item is necessary, state the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal, and have a supporting brief. E.D. MICH. L. CIV. R. 5.3(b)(2). Deutsche Solar's Motion satisfies these requirements.

First, there are two authorities for sealing the Exhibits: Fed. R. Civ. P. 5.2(d) and the Protective Order (R. 28 at Page ID # 274-75, ¶ 12(a)).

Second, the Motion identifies the Exhibits to be sealed in full or in part.

Third, Motion identifies the reasons why the Exhibits need to be sealed. Each Exhibit or portion of an Exhibit contains non-public, highly sensitive pricing and other information. Some of this information relates to the future through 2019. The public release of the identified materials would cause serious damage Deutsche Solar's business and its ability to compete in the marketplace.

Fourth, there are no means other than sealing that can preclude public access to the information contained in the Appendices.

Finally, this brief satisfies the briefing requirement.

## CONCLUSION

WHEREFORE, Deutsche Solar respectfully requests that the Court order Hemlock to file under seal in full Exhibits 8, 30-31, and 34, and to file under seal

(contemporaneously with publicly available redacted copies of) Exhibits 5-6, 15, 20, and 23.

Respectfully submitted,

BUTZEL LONG, P.C.

Dated: March 23, 2016

DANIEL P. MALONE (P29470)
JOSEPH E. RICHOTTE (P70902)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
(248) 258-1616
malone@butzel.com
richotte@butzel.com
*Attorneys for Deutsche Solar GmbH*

COHEN & GRISBY, P.C.

Larry K. Elliott
David F. Russey
625 Liberty Avenue
Pittsburgh, Pennsylvania 15222-3152
(412) 297-4900
lelliott@cohenlaw.com
drussey@cohenlaw.com
*Attorneys for Deutsche Solar GmbH*

3

## PROOF OF SERVICE

STATE OF MICHIGAN  )
OAKLAND COUNTY    )  §

On March 23, 2016, I electronically filed a copy of *Deutsche Solar's Motion to Seal Exhibits to Hemlock's Motion for Summary Judgment* with the Clerk of the Court using the ECF system, which will electronically serve the following counsel of record.  There are no non-ECF participants to this action.

ALVIN LEE
Orrick, Herrington & Sutcliffe, LP
alee@orrick.com

CRAIG W. HORN
Braun Kendrick Finbeiner, PLC
crahor@braunkendrick.com

                                      Respectfully submitted,

                                      BUTZEL LONG, P.C.

Dated:  March 23, 2016               /s/ Joseph E. Richotte
                                      DANIEL P. MALONE (P29470)
                                      JOSEPH E. RICHOTTE (P70902)
                                      Stoneridge West
                                      41000 Woodward Avenue
                                      Bloomfield Hills, Michigan 48304
                                      (248) 258-1616
                                      malone@butzel.com
                                      richotte@butzel.com
                                      *Attorneys for Deutsche Solar GmbH*