UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION,

     *Plaintiff*,

v.

DEUTSCHE SOLAR GmbH
f/k/a DEUTSCHE SOLAR AG,

     *Defendant*.

Civil No. 1:13-cv-11037

HON. THOMAS L. LUDINGTON

MAG. PATRICIA T. MORRIS

**DEUTSCHE SOLAR'S SUR-REPLY IN FURTHER OPPOSITION TO**
**HEMLOCK'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

ARGUMENT .....................................................................................................1

    I.    Issues Of Material Fact Prevent The Entry Of Summary Judgment On Deutsche Solar's Affirmative Defenses. ...................1

        A.The Parties' Amendments To The Supply Agreements Are Valid And Enforceable. ..............................................1

            1.The Parties' Oral Amendments Are Valid And Enforceable. ....................................................................1

                a. Statutory Exceptions Obviate The Need For A Written Modification Under Section 440.2201. ......1

                b. Judicially and Statutorily Created Exceptions Eliminate The Need For A Written Modification Under Sections 440.2201 and 440.2209. ...............3

            2.The Oral Amendments Contain The Required Terms. ...................................................................5

        B.The Parties Executed A Fully Enforceable Standstill Agreement, Which Hemlock Subsequently Breached. ..........................................................6

    C.    Deutsche Solar Is Excused From Its Contractual Obligations By The Doctrines Of Commercial Impracticability And Frustration Of Purpose. ..................................7

    II.    Issues Of Material Fact Prevent The Entry Of Summary Judgment On Hemlock's Damages Claim. .....................8

CONCLUSION ................................................................................................10

CERTIFICATE OF SERVICE .................................................................................

# TABLE OF AUTHORITIES

## Cases

*Chang v. Pacificorp*, 157 P.3d 243 (Or. App. 2007)………………………………….8

*City of Memphis v. Ford Motor Company*, 304 F.2d 845 (6th Cir. 1965)………….9

*Conagra, Inc. v. Farmers State Bank*, 602 N.W.2d 390 (Mich. App. 1999)………3

*In re Exemplar Manufacturing Co.*, 331 B.R. 704 (E.D. Mich. 2005)……………..9

*Kyocera Corp. v. Hemlock Semiconductor Corp.*, 15-cv-11236,
       2016 WL 67596 (E.D. Mich.)…………………………………………….7, 8

*Mikonczyk v. Detroit Newspapers, Inc.*, 238 Mich. App. (1999)…………………..6

*Spoon-Shacket Co. v. Oakland County*, 356 Mich. 151 (1959)……………...…10

## Statutes

Mich. Comp. Laws § 440.2201………………………………………………….2, 3

Mich. Comp. Laws § 440.2209………………………………………………….3, 5

In its opposition to Hemlock's summary judgment motion, Deutsche Solar demonstrated that genuine issues of material fact preclude summary judgment on each of the four grounds raised in Hemlock's motion.  In an effort to downplay the significance of those factual issues, Hemlock's reply brief takes substantial liberties with the facts and legal arguments as presented by Deutsche Solar, inaccurately and unfairly characterizing Deutsche Solar's positions. Notwithstanding Hemlock's efforts to distract, genuine issues of material fact pervade Hemlock's claims, rendering summary judgment inappropriate.

## ARGUMENT

**I.   Issues Of Material Fact Prevent The Entry Of Summary Judgment On Deutsche Solar's Affirmative Defenses.**

**A.   The Parties' Amendments To The Supply Agreements Are Valid And Enforceable.**

Rather than reiterate the numerous issues of material fact that permeate the question of the parties' oral modifications to the supply agreement, all of which are detailed in Deutsche Solar's opposition, Deutsche Solar highlights below only a few of the key facts, which Hemlock misconstrues in an attempt to undermine Deutsche Solar's position.  Any of the material facts, however, require a jury trial.

**1.   The Parties' Oral Amendments Are Valid And Enforceable.**

**a.   Statutory Exceptions Obviate The Need For A Written Modification Under Section 440.2201.**

Hemlock conveniently ignores the nearly eight-month period during which the parties continued to operate under their revised business arrangement,

continually revisiting the price for poly and permitting Deutsche Solar to order its requirements from Hemlock.  (Opp., Ex. 1, 77:22–78:8; *id.* 107:15–25; *id.* 119:23–120:6; R. 91, Ex. 19; Opp., Ex. 5, 100:5–13; Opp., Ex. 10, 82:23–83:7; *id.* 102:23–103:17.)  Hemlock's protestations that the parties did not operate under a revised regime only highlight the disputed issues of fact on this point.

In addition to mischaracterizing the facts, Hemlock's argument misapprehends the operation of M.C.L.A. 440.2201.  Deutsche Solar is excused from the statute of fraud's writing requirement because Hemlock accepted lower payments on reduced quantities of poly.  (Opp., Ex. 1, 77:22–78:8; Opp., Ex. 5, 99:21–100:4.)  Hemlock misplaces its reliance on the official comment to M.C.L.A. 440.2201.  Although Hemlock correctly observes that acceptance of payment can validate "the contract only for the goods … for which payment has been made and accepted," Hemlock then takes the leap that Deutsche Solar's prospective obligations through 2019 cannot be affected by such acceptance. (Reply 4.)  Yet the official comment does not cleave payments from the underlying contract.  Rather, its focus is on the *contracts* at issue; if payment is accepted on a *contract*, then the acceptance validates the modifications to the *contract* on which payment has been accepted.  M.C.L.A. § 440.2201, Official Cmt. 2.  Hemlock accepted reduced payment at modified quantities (Opp., Ex. 1, 77:22–78:8; Opp., Ex. 5, 99:21–100:4) through April 2012 on LTAs I–IV and the November 2011

-2-

amendments (Dkt. No. 110, Exs. 1–5).[1]  Hemlock's acceptance therefore validates

the oral modifications to all four contracts and the amendments regardless of when

Hemlock ceased accepting modified payments and quantities.

> **b.**    **Judicially and Statutorily Created Exceptions**
> **Eliminate The Need For A Written Modification**
> **Under Sections 440.2201 and 440.2209.**

Even if Hemlock were correct that section 440.2201 vitiates the writing

requirement only as to those orders for which reduced payments were accepted (a

reading that is at odds with the language of the official comment), Hemlock's

argument ignores the effect of equitable estoppel. Equitable estoppel under

Michigan law requires only (1) the inducement of one party by another to believe

certain facts, (2) justifiable reliance by the other party on those facts, and

(3) prejudice to the party who so relied.  *E.g.*, *Conagra, Inc. v. Farmers State*

*Bank*, 602 N.W.2d 390, 405 (Mich. App. 1999).[2]  Deutsche Solar alleged each of

---

[1] Hemlock claims that Deutsche Solar admitted that Hemlock never agreed to defer
quantities. (Reply 4, n.1.)  Hemlock's citation does not pinpoint the interrogatory
response that allegedly contains this admission, and Deutsche Solar has been
unable to locate it. (Dkt. No. 91, Ex. 6.)  Further, Hemlock's citation to its own
"self-serving" deposition testimony does little to disprove the existence of a
material fact regarding the parties' agreement to defer quantities of polysilicon.
(Reply 4, n.1.)  The conflicting testimony of the parties' witnesses only emphasizes
this disputed issue of material fact.

[2] In a further attempt to discredit Deutsche Solar's argument, Hemlock faults
Deutsche Solar for not enumerating the elements of equitable estoppel.  (Reply 6.)
This argument, too, reflects another attempt by Hemlock to manufacture flaws in
Deutsche Solar's opposition.  Deutsche Solar alleged the existence of *facts*

these elements in its opposition.  (Opp. at 19–20.)

No matter the pains Hemlock takes to ignore the prejudice to Deutsche Solar caused by its changed conduct, Hemlock did indeed change its position when it was convenient for Hemlock to do so, causing harm to Deutsche Solar.  (Opp., Ex. 9, 131:10–132:5, *id.* Ex. 25; *id.* Ex. 1, 109:13–22, 112:12–23; *id.* Ex. 28 at HEML020883.)  In the midst of the ongoing trade war and the parties' stressed financial situations, Hemlock abandoned its modified business relationship with Deutsche Solar, deciding it was more profitable for Hemlock to enforce the LTAs as executed rather than as modified.  Hemlock thereby prejudiced Deutsche Solar, which had modified its business and procurement strategies (including its efforts to settle the trade case, Opp. 13) in reliance on its new understanding with Hemlock.

For much the same reason, Deutsche Solar is excused from the statute of fraud's writing requirement by the statutory waiver exception.  Although Hemlock contends that it never retreated from its modified business relationship with Deutsche Solar (Reply 5), the facts are to the contrary.  After unilaterally deciding in October 2011 which of its customers would be "industry winners" (*i.e.*, permitted to negotiate market-based pricing with Hemlock) (Opp., Ex. 23 at HEML035815–35816), Hemlock shifted gears in the spring of 2012, instead

---

supporting each of the elements of equitable estoppel, which is sufficient to demonstrate the existence of the defense.  (Opp. at 19–20.)

deciding to enforce its contracts as originally executed (Opp., Ex. 1, 109:13–22,

112:12–23).[3]  While these facts might indeed be embarrassing to Hemlock,

embarrassment is no more a valid basis to disavowal their existence than it is to

escape the necessary conclusion that Hemlock waived any right to rely on

M.C.L.A. 440.2209's writing requirement.

## 2.   The Oral Amendments Contain The Required Terms.

Deutsche Solar argued in its opposition that the oral modifications were

valid because they did in fact contain the required terms—market-based pricing

and requirements quantities.  (Opp. at 22–25.)  Hemlock barely addresses Deutsche

Solar's argument, asserting only that Deutsche Solar "fails to rebut that an alleged

oral agreement is void when it leaves material terms for subsequent negotiation."

(Reply 7.)  Hemlock's position fundamentally misapprehends Deutsche Solar's

argument.  Deutsche Solar's argument is not dependent on the premise that an oral

modification is invalid if material terms are left for subsequent negotiation.

Rather, Deutsche Solar's argument is that the oral modifications *contained* all

material terms.  The modified agreements were premised on market-based pricing

---

[3] Hemlock faults Deutsche Solar for using quotation marks to directly quote Dr.
Asbeck's deposition testimony.  (Reply 5, n.2.)  It is unclear to Deutsche Solar,
however, how Hemlock would prefer it attribute quotations if not by the use of
quotation marks.  Deutsche Solar never implied that the quotation was from
Hemlock's in-house counsel; in fact, it consistently referred to Dr. Asbeck's
deposition testimony as "Exhibit 1" throughout its opposition brief.  Further, it is
unclear why Hemlock's blanket denials of the existence of a fact should be entitled
to more weight than Dr. Asbeck's first-hand account of the events that transpired.

and requirements quantities, both of which are valid contract terms under Michigan

law. Hemlock fails to dispute this point.

**B.    The Parties Executed A Fully Enforceable Standstill Agreement, Which Hemlock Subsequently Breached.**

Deutsche Solar demonstrated in its opposition brief that the parties executed

a fully enforceable standstill agreement, and Hemlock, not Deutsche Solar,

breached that agreement. (Opp. at 25–30.) Michigan case law is clear that

ambiguity in a contractual provision is fatal to any claim that the provision be

construed as a condition precedent. (*Id.* at 26–27 (quoting cases).) Michigan case

law is equally clear that even when the contractual provision contains language

such as "subject to," if the remainder of the language is ambiguous, courts will not

construe the provision as a condition precedent. (*Id.* at 26 (quoting *Mikonczyk v.

Detroit Newspapers, Inc.*, 238 Mich. App. 349–350 (1999)).) The purported

condition precedent at issue here is fraught with ambiguity. (Opp. at 25–30.)

Deutsche Solar never "admits" that it did not comply strictly with the

purported condition precedent. (Reply 8.) Instead, Deutsche Solar correctly

focuses on the antecedent question—whether the language can, in fact, be

construed as a condition precedent. It cannot. Rather than address the ambiguity

in the language of the purported condition precedent, Hemlock simply asserts that

the language is a condition precedent. This failure is telling.

Moreover, Hemlock's ability to forego the standstill agreement is littered

-6-

with issues of material fact, none of which can be resolved on summary judgment. By way of example, Hemlock now claims, without support, that Deutsche Solar did not negotiate. (Reply 8, n.4.) Yet nowhere does Hemlock assert that it did negotiate. Deutsche Solar expressed its willingness to negotiate in good faith (Opp. 29–30); Hemlock cannot simultaneously fault Deutsche Solar allegedly for not negotiating while proffering no evidence that *it* attempted to negotiate. As with its position on the purported liquidated damages clause, *see infra*, Hemlock cannot have its cake and eat it too. It cannot refuse to negotiate and then claim "gotcha," faulting Deutsche Solar for "not negotiating."

### C.   Deutsche Solar Is Excused From Its Contractual Obligations By The Doctrines Of Commercial Impracticability And Frustration Of Purpose.

The highly unusual and unanticipated nature of the illegal Chinese intervention in the solar market, including its illegal subsidization, dumping, and industrial espionage, are facts that give rise to commercial impracticability and frustration of purpose. As set out in the report of Deutsche Solar's expert, Andrew Szamosszegi, this intervention had a catastrophic effect on the solar market, including the market for polysilicon. (*See generally* Opp., Ex. 6.) Hemlock asserts that Deutsche Solar's arguments regarding the Chinese intervention are merely a rehash of the arguments this Court previously rejected in *Kyocera*. (Reply 8–9.) Unlike Kyocera, however, Deutsche Solar was affected substantially by the illegal

-7-

industrial espionage conducted by Chinese operatives aimed at Deutsche Solar's

U.S.-based sister company. (Opp. at 30–35.) Further, Deutsche Solar produced an

expert report outlining the unforeseeability of the Chinese intervention and its

disastrous effects, another distinguishing feature from the *Kyocera* case. (*See*

*generally* Opp., Ex. 6.) The factual record in this case is developed, unlike that in

*Kyocera*, and that factual record demonstrates that the facts of this case are in line

to those the court found sufficient to frustrate the parties' purpose in *Chang v.*

*Pacificorp*. In short, Deutsche Solar's arguments are not premised on those made

in *Kyocera* and are sufficient to overcome summary judgment.

## II.    Issues Of Material Fact Prevent The Entry Of Summary Judgment On Hemlock's Damages Claim.

Deutsche Solar demonstrated in its opposition brief that Hemlock's damages

were at all times, including at the time of contractual formation, readily

ascertainable from simple mathematical calculations. Contrary to Hemlock's

contentions (Reply 9), Deutsche Solar does not take the position that the penalty

analysis should be conducted retroactively. Instead, Deutsche Solar contends that

regardless of whether Hemlock's alleged lost profits could be calculated to a sum

certain at the time of formation, Hemlock's damages were *at all times* subject to

simple mathematical calculations—a lost-profits analysis—whether examined at

the time of contractual formation *or* at the time of any alleged breach. (Opp. 39.)

A damages clause that allows a party to elect a windfall cannot be a valid

liquidated damages clause.

The lost-profits analysis is not dependent on whether Hemlock used the significant advance payments it received to construct its facility. Certainly, the advance payments factor into the calculation, but they are not contingent on the use (or disuse) to which Hemlock put them. In fact, as a lost-profits analysis would determine, Hemlock's expansion and the attendant "capital commitments, human resources, logistical support, goodwill, lost opportunity, and the like" (Reply 11) were offset by the significant savings it realized from not completing that expansion and not producing poly (Opp. 38). Hemlock's attempts to rebut Deutsche Solar's arguments regarding *Ford* and *Exemplar* are unavailing. (Reply 11–12.) Deutsche Solar's analysis in its Opposition remains sound.

At a minimum, the question of whether the liquidated damages Hemlock seeks amount to an unenforceable penalty, while a legal question, is a question that can be answered only if the jury first resolves the material issues of fact that underlie that question—namely, but not exclusively, whether Hemlock's damages were in fact susceptible to calculation at the time of contract formation, whether and how much Hemlock saved by not producing poly, and whether and how much Hemlock saved by not completing construction of its manufacturing facility.

Finally, it is a firmly entrenched principle of Michigan jurisprudence that

> [e]quity follows the law, but not slavishly nor always. If
> it did, there could never be occasion for the enforcement

-9-

> of equitable doctrine. True, indeed, it is that accident and
> mistake will often be inadequate to supply a basis for the
> granting or withholding of equitable remedies where the
> consequences to be corrected might have been avoided if
> the victim of the misfortune had ordered his affairs with
> reasonable diligence. The restriction, however, is not
> obdurate, for always the gravity of the fault must be
> compared with the gravity of the hardship. Let the
> hardship be strong enough, and equity will find a way….

*Spoon-Shacket Co. v. Oakland County*, 356 Mich. 151, 165 (1959) (internal

quotations and citations omitted). If, despite the evidence of disputed issues of

material fact present in each of the four issues Hemlock raises, the Court concludes

that Hemlock is entitled to summary judgment on both damages and liability, then

equity demands that Deutsche Solar receive the benefit of its bargain. Hemlock

should not be entitled to a windfall, in essence, receiving "something for nothing."

If the Court orders Deutsche Solar to pay the full amount of the purported

"liquidated damages" Hemlock is claiming, then the Court also should require

Hemlock to provide to Deutsche Solar all outstanding quantities of poly.

## CONCLUSION

For the foregoing reasons, Deutsche Solar respectfully requests that this

Court deny Hemlock's motion for summary judgment.

Respectfully submitted,

BUTZEL LONG

By: _____

Joseph E. Richotte (P70902)

June 27, 2016

-10-

COHEN & GRIGSBY, P.C.
Larry K. Elliott (PA ID No. 35261)
David F. Russey (PA ID No. 84184)
625 Liberty Avenue
Pittsburgh, Pennsylvania  15222-3152
Phone:  (412) 297-4900
Email:  lelliott@cohenlaw.com
       acillo@cohenlaw.com
       drussey@cohenlaw.com

BUTZEL LONG
Daniel P. Malone (P29470)
Joseph E. Richotte (P70902)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan  48304
Phone:  (248) 258-1616
Email:   malone@butzel.com
       richotte@butzel.com

*Attorneys for Defendant Deutsche Solar
GmbH, f/k/a Deutsche Solar AG*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of June 2016, a true and correct copy of the foregoing Defendant's Sur-reply in Further Opposition to Plaintiff's Motion for Summary Judgment was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Respectfully submitted,

BUTZEL LONG, P.C.,

Dated: June 27, 2016

DANIEL P. MALONE (P294740)
JOSEPH E. RICHOTTE (P70902)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48034
(248) 258-1616
malone@butzel.com
richotte@butzel.com

COHEN & GRIGSBY, P.C.

Larry K. Elliott
David F. Russey
625 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 297-4900
lelliott@cohenlaw.com
drussey@cohenlaw.com

*Attorneys for Defendant Deutsche Solar
GmbH, f/k/a Deutsche Solar AG*